358 So.2d 577 (1978)
Armando GARRIDO and Teresa Garrido, His Wife, Appellants,
v.
MARKUS, WINTER & SPITALE LAW FIRM, and As Attorneys at Law, and Stuart A. Markus, Individually, and Leonardo Spitale, Individually, Appellees.
No. 77-412.
District Court of Appeal of Florida, Third District.
May 9, 1978.
*578 William Huggett, Miami, for appellants.
Blackwell, Walker, Gray, Powers, Flick & Hoehl and Bradford Swing, Miami, for appellees.
Before HENDRY, NATHAN and KEHOE, JJ.
HENDRY, Judge.
Appellants, plaintiffs below, appeal from a "partial final summary judgment" entered in favor of appellees, defendants below, which, inter alia, denied appellants' motion to substitute parties defendant because of the running of the statute of limitations.
Appellants filed an action for legal malpractice against the partnership law firm of Markus, Winter and Spitale. An amended complaint, filed beyond the applicable statute of limitations governing professional malpractice, sought to add the individual lawyers comprising the partnership as parties defendant. The individual attorneys moved for summary judgment on the ground that the statute of limitations had *579 run prior to the filing of the amended complaint. On October 20, 1976, the trial judge entered an order denying the motion, however, upon further argument offered in response to a second motion for summary judgment, the trial judge granted the summary judgment as to the individual attorneys.
Subsequently, appellants filed a "motion to substitute parties or, in the alternative, petition for rehearing." By this motion, appellants attempted to substitute the individual attorneys for the partnership, in deference to the court's rationale that the addition of parties defendant would be barred by the statute of limitations.
Rejecting this tact, the trial judge entered a partial final summary judgment, denying both appellants' petition for rehearing and motion to substitute, and adopting the prior order of the court which granted final judgment as to the individual partners. From that partial final summary judgment, this appeal follows.
The sole issue for our determination is whether the amended complaint relates back to the original complaint so as to toll the statute of limitations.[1] After carefully reviewing the record, briefs and arguments of counsel, it is our opinion that, based upon the facts sub judice, the statute of limitations bars both the addition of the individual partners as defendants in this lawsuit and the substitution of said partners for the partnership. We explain.
First, as applies to the addition of parties defendant after the statute of limitations has run, we quote from 51 Am.Jur.2d Limitation of Actions, § 282 (1970), which succinctly states the general rule as follows:
"Corporations, partnerships, and associations and members thereof. Where a suit is timely brought against a corporation, partnership, or association, and after the period of the statute of limitations has elapsed, officers of the corporation, individual partners, or members of the association are brought in by amendment, or vice versa, the statute constitutes a bar as to the added defendants."
See also Annotation: 8 A.L.R.2d Bringing in Party-Limitations, § 63 (1949).
In Florida, the above general rule has been applied in Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1977). For comparison purposes, see our holding in Smith v. Metropolitan Dade County, 338 So.2d 878 (Fla.3d DCA 1976), where in a medical malpractice action, plaintiff sought to add Dade County and an individual physician as defendants by the filing of a motion for leave to amend with the attached amended complaint just prior to the running of the statute of limitations. The trial judge was of the view that the statute barred the addition of the two defendants and dismissed those parties from the lawsuit. We, however, reversed the order of dismissal, opining as follows:
"The better rule is that a motion for leave to amend with the amended complaint attached joining additional defendants filed within the statutory period stands in the place of the actual amendment which is filed with leave of court subsequent to the running of the statute of limitations. See Rademaker v. E.D. Flynn Export Co., 17 F.2d 15 (5th Cir. 1927). Plaintiff having filed her motion for leave to join additional parties before the running of the statute of limitations, it follows that the amended complaint related back to the time of the filing of her motion to amend so as to defeat a defense based on the statute of limitations relating to the time in which an *580 action must be filed. Cf. Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970)." Supra, at 879.
While factually, the above case is not controlling, it logically follows that had the plaintiff in Smith filed her motion for leave to amend after the running of the statute of limitations, dismissal would have been proper as to the added parties.
Likewise, the Fifth Circuit Court of Appeals has ruled harmoniously with the above principle of law in Porter v. Hardin, 164 F.2d 401 (C.A. 5th 1947). The facts of that case are particularly applicable sub judice. There, a complaint naming a partnership and partner as defendants was timely filed. After the expiration of the statute of limitations, however, an amended complaint was filed naming other partners as parties defendant. The court ruled that the statute of limitations barred the addition of the newly added partners.[2]
Our research has led us to two other cases which, because of the similarity of facts to the case sub judice, require comment. The first case is another Fifth Circuit opinion reported as Taormina Corporation v. Escobedo, 254 F.2d 171 (C.A. 5th 1958). There, in apparent conflict with its earlier holding in Porter v. Hardin, supra, the court allowed a post-statute of limitations amendment to the pleadings adding various partners, as well as the partnership, as party defendants to a lawsuit for personal injuries. The two decisions are in complete congruity, however, in that the Taormina Corporation case was based upon the fact that the original party defendant, a corporation, "studiously avoided disclosure" of its status as a partnership.
The other case we mention is I. Epstein & Bro. v. First Nat. Bank of Tampa, 92 Fla. 796, 110 So. 354 (1926), wherein the Florida Supreme Court opined that an amendment to the pleadings after the running of the statute of limitations which changed the capacity of a defendant-partner from representative status to individual status would be permitted. There, the partners had, prior to the limitation period, been served with process and had appeared in court and filed pleadings.
In contrast to the Taormina case, the record reflects a total absence of covert behavior on the part of appellees. On the contrary, there was ample testimony to the effect that on several occasions, long before the running of the statute of limitations, appellees advised appellants' counsel that any alleged negligence on the part of one of the individual partners would have, in fact, been committed prior to the time that said individual actually became a partner in the law firm. As such, it would appear that appellants should have been forewarned of the possibility that a cause of action for negligence might be maintainable only against one of the partners, in his individual capacity, rather than the partnership.
As far as the I. Epstein & Bro. case is concerned, the clearly distinguishable characteristic differentiating that case from the case at bar is the fact that in the former case, the partners had each been personally served and were before the court prior to the running of the statute of limitations, albeit in a representative capacity. Sub judice, the record does not reflect which, if any, of the partners were actually served with process prior to the statute's running. See Strauss v. Rex, 191 F. Supp. 128 (W.D. Pa. 1960). In addition, sub judice, there were no pleadings filed on behalf of any of *581 the partners in their individual capacities, as was the case in I. Epstein & Bro., supra.
We therefore hold that, as to the addition of parties defendant to a lawsuit after the running of the statute of limitations is concerned, the trial judge was correct in dismissing those parties from the lawsuit. The second, and more difficult question requiring an answer is, however, whether the trial judge should have allowed appellants to substitute the individual attorney-partners in place of the partnership. Again, based upon the record, we believe the trial judge was correct in denying substitution.
The general rule on the "relation back" of substituted party defendants, as far as partnerships are concerned, has been summarized in 51 Am.Jur.2d Limitation of Actions, § 295 (1970) as follows:
"Corporations, partnerships, associations or individuals. Generally, whether an amendment of process or pleading, or both, will be allowed which changes the description or characterization of a party after the statute of limitations has run, from a corporation to an individual, partnership, or other association, or vice versa, seems to depend upon whether the misdescription or mischaracterization is interpreted as merely a misnomer or defect in the description or characterization, or whether it is deemed a substitution or entire change of parties; in the former case an amendment will be held to relate back to the commencement of the action, while in the latter the amendment will be held to amount to the institution of a new action ..."
The premier case in Florida, Cabot v. Clearwater Construction Company, 89 So.2d 662 (Fla. 1956), has followed the general rule enunciated above. In that case, a plaintiff was permitted to amend its complaint, substituting the pre-statute of limitations defendant, "Clearwater Construction Company, a corporation organized and existing under the laws of the State of Florida" for "Robert M. Snyder, d/b/a Clearwater Construction Company." In so ruling, the Florida Supreme Court discussed the "relation back" doctrine, as it applies to substitution of defendants, as follows:
"Admittedly, there are two opposing lines of authority on the propriety of permitting an amendment after the running of the statute of limitations which changes the description of the defendant from that of a corporation to an individual. A number of states lean to the view that such an amendment works an entire change of the parties and is tantamount to asserting a new cause of action. These authorities require the filing of an entire new complaint. On the contrary, there is an equally respectable line of cases which hold that if the basic cause of action is not changed and the amendment merely corrects a misnomer or description of the party-defendant, then it is not tantamount to a new cause of action. Most of the Federal cases appear to be aligned with the latter view. It is our view that since the adoption of our New Rules of Civil Procedure on January 1, 1950, Florida can more appropriately align itself with the more liberal view in allowing amendments of this nature. Prior to that date Florida pleading and practice was governed almost entirely by the strict rules and formalities of the common law.
"Admittedly, prior to our new rules, the trial judge in this case would have been on very sound ground in denying the requested amendment. This is so because the common law required that the writ strictly follow the declaration or complaint. Our above quoted rules governing amendments, however, as well as other related rules, have introduced much greater liberality into our system of pleading and practice. Now the objective of all pleading is merely to provide a method for setting out the opposing contentions of the parties. No longer are we concerned with the `tricks and technicalities of the trade.' The trial of a lawsuit should be a sincere effort to arrive at the truth. It is no longer a game of chess in which the technique of the maneuver captures the prize.

*582 "There are many cases which hold to the rule that the amendment of a complaint by describing a defendant as an individual or as a partnership rather than as a corporation as in the original complaint is merely a change in the description of the party-defendant to speak the truth. These cases stand firm on the proposition that such an amendment is not objectionable as working an entire change of parties. These authorities go on the notion that the new rules and statutes allowing amendments are broad and liberal and must be administered with liberality." Supra, at 664.
This court has followed the Cabot reasoning in Argenbright v. J.M. Fields Co., 196 So.2d 190 (Fla. 3d DCA 1967). There, plaintiffs filed a personal injury action against "J.M. Fields Co., a New Jersey corporation" when the correct defendant was "J.M. Fields of East Florida, Inc., a Florida corporation." Both corporations possessed the same directors, president, vice presidents and resident agents within this state. In that the New Jersey corporation had misled plaintiffs into thinking that it was the proper defendant, both corporations had notice of the action and no prejudice was shown by an amendment to the pleadings substituting the Florida corporation for the New Jersey corporation, we permitted the post statute of limitations amendment to relate back to the time of the original pleading. See also B & H Sales, Inc. v. Fusco Corporation, 342 So.2d 105 (Fla. 2d DCA 1977) wherein plaintiff was permitted to substitute The Fusco Corporation d/b/a Sunshine Associates, Inc., for Sunshine Associates, Inc., the substitution amounting to "no more than a correction of a misnomer." Supra, at 107.
Likewise, in Galuppi v. Viele, 232 So.2d 408 (Fla. 4th DCA 1970), our sister court, utilizing a misnomer theory, permitted a substitution of a "president," individually, in place of his "shell" corporation, the latter being originally named in the complaint as defendant. There, the court emphasized that, by virtue of his being served as "president," the substituted defendant was fully cognizant of the lawsuit and the mistake that had been occasioned by serving him as president of a "shell" rather than in his individual capacity.
Sub judice, appellants attempt to bring the facts within the ambit of a "misnomer" situation. In support of their position, appellants urge us to consider the following portions of their original complaint:
The Caption:
"ARMANDO GARRIDO and TERESA GARRIDO, his wife, Plaintiffs,
"vs.
"MARKUS, WINTER and SPITALE, Attorneys at Law, Defendant."
Paragraph Two (2)
"Defendant, MARKUS, WINTER and SPITALE, is a law firm practicing law in Miami, Dade County, Florida, and is comprised of the following individual lawyers: Stuart A. Markus, Robert L. Winter and Leonardo Spitale."
The WHEREFORE clause:
"Wherefore, the plaintiffs sue and demand judgment against the defendant law firm and the lawyers individually for damages in excess of THIRTY-TWO THOUSAND, SIX HUNDRED EIGHTY-EIGHT DOLLARS AND TWENTY THREE CENTS ($32,688.23) and demand a trial by jury."
Appellants claim that however "inartfully drawn," the complaint sought to sue both the partnership and the partners, individually. Based upon the fact that throughout the complaint, with the sole exception of the WHEREFORE clause, the term "defendant" refers to the single entity, i.e., the partnership, and not to the individuals comprising the partnership, as well as the fact that appellants never sought to timely serve the individual attorneys, even when they were on notice that such a service might be necessary for a possible recovery, it is our opinion that the "misnomer" theory cannot be applied so as to permit the relation back of the amended complaint to undermine the defense of the statute of limitations.
*583 Black's Law Dictionary, revised fourth edition, defines "misnomer" as: "mistake in name; giving an incorrect name to person in accusation, indictment, pleading; deed or other instrument." We are convinced that no "mistake" occurred, or rather, the only mistake occurring was that of judgment. To permit a substitution at this point would be tantamount to introducing "new parties" into the lawsuit and, as has been cited above, such is not the nature of the "relation back" doctrine. See Strauss v. Rex, supra, Cabot v. Clearwater Construction Company, supra, and Argenbright v. J.M. Fields Co., supra.
In so ruling, we are particularly attracted to the strong, yet apropos language of then Associated Judge Ben F. Overton in his dissenting opinion in Galuppi v. Viele, supra at 411, which in part reads as follows:
"The general rule is that the amendment does not relate back to the date of filing the original complaint when new parties are added or substituted for those before the court by the original pleadings. There is an exception to this rule when the movant demonstrates that the new and old parties have such an identity of interest that the relation back is not prejudicial. This portion of the exception was relied on by the majority. However, this is not the only element that the movant must establish. As stated in 3 Moore's Federal Practice, Section 15.15, page 1046:
"`In addition to demonstrating this absence of prejudice, to qualify under the exception to the general rule, the plaintiff had to show that his failure to join the correct parties at the outset had not been due to his own inexcusable neglect. (Emphasis supplied.)' (Citations omitted.)
"Any misrepresentation of identity that occurred was corrected six months before the statute of limitations expired. The record fails to establish any excusable reason for the plaintiff-appellant's delay in naming the proper parties defendant after they had due actual notice thereof."
Accordingly, the judgment appealed from is hereby affirmed.
Affirmed.
NOTES
[1] Fla.R.Civ.P. 1.190 provides in part,

"(c) Relation Back of Amendments. When the claim or defense asserted in the amended pleading arose out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading."
Fed.R.Civ.P. 15 provides, in part,
"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading."
[2] It appears from our research that a more liberal attitude has been afforded the substitution of parties plaintiff after the running of the statute of limitations. See Staren v. American National Bank and Trust Company of Chicago, 529 F.2d 1257 (C.A. 7th Cir.1975); Griffin v. Workman, 73 So.2d 844 (Fla. 1954); Lindy's of Orlando, Inc. v. United Electric Company, 239 So.2d 69 (Fla. 4th DCA 1970); Haines v. Leonard L. Farber Company, 199 So.2d 311 (Fla. 2d DCA 1967).

The above cases, and authorities cited within the above cases, appear to hold that as long as the cause of action is not changed by the substitution of the parties and the defendant is not compelled to answer to a new cause, amendments substituting party plaintiffs filed after the running of the statute of limitation will be allowed as relating back to the original pleading.