JORGENSON, Judge.
Solomon Alpert died testate and named in his will his wife, Sally, and his cousin Hyman Raskin as co-personal representatives. They were duly appointed to act in that capacity by the probate court. Harry Alpert filed a claim against the estate to recover a sum of money he alleged due and owing. Sally responded by filing an objection to the claim. Thereafter, settlement negotiations commenced.
During the negotiations, two joint stipulations for an extension of time to file an independent action were agreed to by counsel for the parties.[1] Thereafter, Harry Alpert timely filed an independent civil action against the estate naming Sally Alpert in her representative capacity as defendant. Sally Alpert filed a motion to dismiss alleging as grounds that Harry Alpert had failed to join Hyman Raskin, the co-personal representative, and that the action was now time barred by virtue of Section 733.705(3), Florida Statutes (1979). The trial' court denied the motion and gave Harry Alpert leave to amend his pleadings to include Hyman Raskin as co-personal representative. It is that order which Sally Alpert and Hyman Raskin appeal. We affirm.[2]
The thrust of appellants’ argument is that Hyman Raskin is for all intents and purposes a new party to the lawsuit. Appellants rely on Garrido v. Markus, Winter & Spitale Law Firm, 358 So.2d 577 (Fla. 3d DCA 1978), and Louis v. South Broward Hospital District, 353 So.2d 562 (Fla. 4th DCA 1977), to support this position. We agree with those cases; however, they have no application here, nor can we construe Section 733.705(3) as narrowly as appellants suggest.
In our view, Section 733.705(3) does not operate as a timebar where, as here, the co-personal representatives are represented by the same attorney and the independent action against the estate is timely filed. On these facts we believe Cabot v. Clearwater Construction Co., 89 So.2d 662 (Fla.1956), is controlling.
Accordingly, the order of the trial court is affirmed.

. We deem it significant that the estate and the co-personal representatives are all represented by the same attorney.

. We add yet another reason to the notion that one personal representative is enough. See Judge Nesbitt’s excellent article on this issue; Nesbitt, One Personal Representative Is Enough, 54 Fla.B.J. 140 (1980).