972 So.2d 1053 (2008)
Luis GASPARINI and International Trading and Financial Corp., Appellants,
v.
Miguel Villar PORDOMINGO and Vitala, S.A., Appellees.
No. 3D06-1913.
District Court of Appeal of Florida, Third District.
January 23, 2008.
*1054 Dirk Lorenzen; Elizabeth Fernandez Pinero, for appellants.
Gustavo D. Lage, for appellees.
Before GREEN, ROTHENBERG, and SALTER, JJ.
PER CURIAM.
This is an appeal from an amended final judgment finding Luis Gasparini and International Trading and Financial Corporation "jointly and severably" liable for treble and compensatory damages under theories of unjust enrichment, civil theft and conversion. We affirm in part, reverse in part.
Appellee, Miguel Villar Pordomingo, wanted to sell a group of failing Wendy's Restaurants located in the Dominican Republic. Carmen Perez offered to buy the restaurants, In recognition of the intent to purchase, Pordomingo transferred his shares in Vitala, S.A. (the entity under which he owned the restaurants) in escrow to Perez. The parties then began to seek financing for the purchase of the restaurants.
Perez and Pordomingo were introduced to Gasparini who is the President of International Trading. The parties reached an agreement whereby International Trading would arrange for the lease of a standby letter of credit for Perez which could then be used to obtain financing for the purchase of the restaurants. Perez's assets and the assets of the Wendy's restaurants were to be used to collateralize the letter of credit.
Pursuant to the agreement, Vitala, S.A., paid a 8300,000 fee to International Trading for the procurement of the letter of credit. With payment received, International Trading began to undertake the steps necessary to complete the transaction. Through its investigation, International Trading found that Perez did not *1055 have the assets she represented on her audited financial statement, and that the restaurants were in a poor financial state. Accordingly, International Trading decided that it could not issue the letter of credit.
Pordomingo and Vitala, S.A., sued International Trading, Gasparini, and others for the return of the $300,000 that it paid to, International Trading. Following a two-day bench trial, the court found International Trading and Gasparini jointly and severably liable for unjust enrichment, conversion, and civil theft. Gasparini and International Trading brought the instant appeal.
On appeal, Gasparini and International Trading claim that the trial court erred in finding: 1) Gasparini personally liable; and 2) that Pordomingo and Vitala, S.A. had legally cognizable claims for conversion and civil theft. We agree.
A general principle of corporate law is that a corporation is a separate legal entity, distinct from the persons comprising them. Am. States Ins. Co. v. Kelley, 446 So.2d 1085, 1086 (Fla. 4th DCA 1984). To "pierce the corporate veil" three factors must be proven:
(1) the shareholder dominated and controlled the corporation to such an extent that the corporation's independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;
(2) the corporate form must have been used fraudulently or for an improper purpose; and
(3) the fraudulent or improper use of the corporate form caused injury to the claimant.
Seminole Boatyard, Inc. v. Christoph, 715 So.2d 987, 990 (Fla. 4th DCA 1998) (quoting In re Hillsborough Holdings Corp., 166 B.R. 461, 468 (Bankr.M.D.Fla.1994)).
In this case, none of these factors were alleged or proven.[1] Moreover, the mere fact that Gasparini is a stockholder and officer of International Trading does not, without more, create personal liability. The law is clear that the mere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil. See Lipsig v. Ramlawi, 760 So.2d 170, 187 (Fla. 3d DCA 2000). "[E]ven if a corporation is merely an alter ego of its dominant shareholder or shareholders, the corporate veil cannot be pierced so long as the corporation's separate identity was lawfully maintained." Id. Since the agreement in this case was made with International Trading, the trial court clearly erred in holding Gasparini liable for the damages in this case.
We also agree with the appellants that International Trading cannot be held liable for conversion or civil theft. It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft. See, e.g., Fla. Desk, Inc. v. Mitchell Int'l, Inc., 817 So.2d 1059, 1060 (Fla. 5th DCA 2002); W.C.P.S. of Fla., Inc. v. Standard Brands of Am., 707 So.2d 416 (Fla. 4th DCA 1998); Rosen v. Marlin, 486 So.2d 623, 626 (Fla. 3d DCA 1986).
This is not to say that there can never be a claim for civil theft or conversion if there is a contractual relationship between the parties, but rather that the civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of a contract. See Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 495 (Fla. 3d DCA 1994) ("[A] plaintiff may not circumvent the contractual relationship by bringing an action in *1056 tort."). For money to be the object of conversion "there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified." Futch v. Head, 511 So.2d 314, 320 (Fla. 1st DCA 1987) (quoting Belford Trucking v. Zagar, 243 So.2d 646 (Fla. 4th DCA 1970)).
Here, the parties did not contemplate that International Trading would keep the 8300,000 in a separate account, nor was International Trading obligated to hold the funds that it received from Vitala, S.A. in a trust or escrow account. Cf. Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3d DCA 1987) (civil theft and conversion can be asserted where a party embezzles funds from an escrow account). At the time that International Trading received the funds, it had every right to do with them as it pleased. Accordingly, as a matter of law, there was no conversion.
Similarly, there is not a claim for civil theft. To establish a claim for civil theft, a party must prove that a conversion has taken place and that the accused party acted with criminal intent. See Gersh v. Cofman, 769 So.2d 407, 408 (Fla. 4th DCA 2000). Since we have found that there was no factual basis to support a claim for conversion, it stands to reason therefore, that there can be no cause of action for civil theft.
Based on the foregoing, we vacate that portion of the judgment which holds Gasparini personally liable, and reverse the treble damage awards for civil theft and conversion. We affirm the judgment in all other respects.
NOTES
[1] In fact, the trial court specifically found that no fraud had occurred.