PALMER, J.
 

 In this lien foreclosure action, King 205, LLC, and Douglas Ferrell appeal the final order entered by the trial court in favor of Dick Pittman Roof Services, Inc. (Pittman). We reverse as to the calculation of interest and as to the imposition of personal liability on Ferrell, but affirm in all other respects.
 

 Pittman sued King 205 and Ferrell alleging claims of breach of an oral contract, unjust enrichment, and foreclosure on a claim of lien. The claims all arose out of Pittman’s replacement of a leaky roof on an office building owned by King 205. After a non-jury trial, the trial court found in favor of Pittman and against King 205 and Ferrell on both the breach of contract and the lien foreclosure counts, further determining that it did not need to reach the claim of unjust enrichment since it had found that an oral contract had existed. This appeal timely followed.
 

 Ferrell contends that the trial court reversibly erred in finding him individually liable on the lien foreclosure count because he does not own the subject property. We agree.
 

 In its complaint, Pittman asserted that the property at issue was “owned by Douglas Ferrell d/b/a Douglas Ferrell Electric, Inc., and King 205, L.L.C.” The copy of the Claim of Lien filed by Pittman described the property as being owned by “Douglas Ferrell DBA 205, LLC.” However, the Notice of Commencement names “King 205 LLC” as the “owner’s name”, and Ginger Ferrell testified that King 205 owns the subject property. This testimony concerning the owner of the property was not disputed at trial. Because the record evidence demonstrates that Ferrell did not personally own the subject property, it was error for the trial court to hold him personally liable on Pittman’s lien foreclosure claim.
 

 Ferrell also argues that the trial court committed reversible error when it entered a judgment against him individually on the breach of contract count since such judgment was inconsistent with its own findings of facts and with the evidence presented at trial. We agree.
 

 The trial court made a specific finding of fact that
 

 
 *244
 
 an oral contract for the construction of a new roof on Defendant’s premises at 205 West King Street was entered into by Dick Pittman, on behalf of Dick Pittman Roof Services, Inc., and Douglas Ferrell, on behalf of King 205, LLC as owners of the said premises.
 

 However, the court then entered a judgment against both King 205 and Douglas Ferrell individually. Since such final judgment is inconsistent with the trial court’s findings of fact, we reverse and remand with instruction to strike the language holding Ferrell individually liable on the breach of contract count.
 

 Ferrell and King 205 next argue that the trial court reversibly erred when it determined that the terms of the parties’ contract called for a cost plus billing arrangement, claiming that the evidence at trial demonstrated that the parties’ orally agreed that Pittman would repair the roof for a flat fee of $12,000.00 or, if decking needed to be replaced, $15,000.00. In a related claim, Ferrell and King 205 also argue that the trial court reversibly erred in determining that the parties entered into an enforceable oral contract for the roof repair project because there was no evidence that Ferrell accepted Pittman’s offer to make the repairs on a cost plus basis, and, as such, Pittman failed to satisfy its burden to prove that a valid contract existed. We disagree.
 

 “The lower court’s ultimate factual determinations during a non-jury trial may not be disturbed on appeal unless shown to be unsupported by competent and substantial evidence or to constitute an abuse of discretion.”
 
 Zupnik Haverland, L.L.C. v. Current Builders of Florida, Inc.,
 
 7 So.3d 1132, 1134 (Fla. 4th DCA 2009).
 

 Here, the only evidence which supported Ferrell’s theory as to the terms of the parties’ oral contract was the testimony submitted by Ferrell. The trial court clearly found such testimony not to be credible. Dick Pittman testified that Ferrell had agreed to the cost plus billing arrangement and the trial court found such testimony credible. Because the record contains competent and substantial evidence which supports the trial court’s ruling, we affirm same.
 
 See generally Community Design Corp. v. Antonell,
 
 459 So.2d 343, 345 (Fla. 3d DCA 1984)(ex-plaining that when the existence of a contract is clear, the factfinder may properly determine the exact terms of an oral contract which often depend on the credibility of the witnesses).
 

 Ferrell and King 205 next argue that the trial court erred by applying the 2008 interest rate of 11% to the entire prejudgment interest period. In its answer brief, Pittman agrees that the trial court erred in calculating the prejudgment interest award. Both parties agree that the prejudgment interest award should be $7,093.43. Based on the agreement of the parties, this matter is remanded for correction of the prejudgment interest award.
 

 King 205 lastly argues that the trial court reversibly erred in denying its claims for relief as set forth in its counterclaim. Specifically King 205 argues that the weight of the trial evidence established that Pittman, through its failure to coordinate repairs and its failure to notify Ferrell that sagging ceiling tiles needed to be removed, caused damage to the inside of the subject property. We disagree. Independent review of the trial transcript reveals that there is competent and substantial evidence to support this ruling.
 

 AFFIRMED in part, REVERSED in part; and REMANDED.
 

 LAWSON and JACOBUS, JJ., concur.