On Motion for Rehearing

ROTHENBERG, Judge.
We grant Jaime A. Figarola’s (“Figaro-la”) motion for rehearing, withdraw this Court’s opinion dated October 27, 2010, and issue the following opinion in its stead.
William P. Walker III and Gemma M. Walker, his wife (“the Walkers”), appeal the trial court’s order granting Figarola’s motion for judgment on the pleadings. Because we agree with the trial court that the Walkers’ second amended complaint fails to state a cause of action against Figarola for civil theft or conversion, we affirm.
Initially, the Walkers filed a two-count complaint against Figarola for breach of *190 contract and civil theft, alleging that they loaned Figarola $25,000 which he failed to pay as promised. When it became clear that the Walkers’ claim for breach of contract was time barred by the four-year statute of limitations, the Walkers filed an amended and then a second amended complaint for civil theft and conversion. In their one-count second amended complaint, the Walkers again alleged they loaned Fi-garola $25,000 based on an oral promise to repay the loan within three weeks; at the time Figarola made the promise, he had no intention of repaying the loan, and the loan remains unpaid; and the money the Walkers loaned Figarola was converted to Figa-rola’s own use.
A judgment on the pleadings may be granted only if the moving party is clearly entitled to judgment as a matter of law, McKinzie By & Through McKinzie v. Hollywood, Inc., 421 So.2d 606, 607-08 (Fla. 4th DCA 1982), and our standard of review is de novo. Martinez v. Fla. Power & Light Co.; 863 So.2d 1204, 1205 (Fla.2003).
The law in Florida is clear—a simple monetary debt generally cannot form the basis of a claim for conversion or civil theft. See Gasparini v. Pordomingo, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008) (“It is well-established law in Florida that a simple debt which can be discharged by the payment of money cannot generally form the basis of a claim for conversion or civil theft.”). But, as recognized in Gas-parini, the general rule does not foreclose a claim for civil theft or conversion under certain limited circumstances.
This is not to say that there can never be a claim for civil theft or conversion if there is a contractual relationship between the parties, but rather that the civil theft or conversion must go beyond, and be independent from, a failure to comply with the terms of a contract. See Ginsberg v. Lennar Fla. Holdings, Inc., 645 So.2d 490, 495 (Fla. 3d DCA 1994) (“[A] plaintiff may not circumvent the contractual relationship by bringing an action in tort.”).
Id. (emphasis added). This is not such a case.
First, in order for there to be a conversion where money is involved, “‘there must be an obligation to keep intact or deliver the specific money in question, so that money can be identified.’” Id. at 1056 (quoting Futch v. Head, 511 So.2d 314, 320 (Fla. 1st DCA 1987)); see also Masvidal v. Ochoa, 505 So.2d 555, 556 (Fla. 3d DCA 1987) (specifying that civil theft and conversion can be asserted where a party embezzles funds from an escrow account). Here, as in Gasparini, the parties did not contemplate that Figarola would keep the $25,000 loan in a separate account or hold the funds in a trust or escrow account. There is no allegation that the Walkers in any way directed how the money would be used by Figarola, and the second amended complaint clearly reflects no such intent. Thus, it is clear that the Walkers’ complaint failed to state a cause of action for conversion.
Similarly, their complaint failed to state a cause of action for civil theft. As this Court explained in Ginsberg, 645 So.2d at 494, “Where damages sought in tort are the same as those for breach of contract a plaintiff may not circumvent the contractual relationship by bringing an action in tort.” The Walkers seek to recast their simple breach of contract claim into a tort claim to avoid the reality that the statute of limitations has run on their contract claim. But the allegations are for a simple breach of an oral contract — Figaro-la borrowed $25,000 from the Walkers which he promised to repay within three weeks, and the loan remains unpaid. The *191 complaint thus alleges a failure to comply with the terms of the contract. The Walkers had four years to bring a breach of contract action against Figarola, but they failed to do so. They cannot now seek a remedy in tort for a debt which could have been discharged by the payment of money by simply alleging that Figarola never intended to keep his promise to repay the debt. See Hotels of Key Largo v. RHI Hotels, Inc., 694 So.2d 74, 78 (Fla. 3d DCA 1997) (holding that “[misrepresentations relating to the breaching party’s performance of a contract do not give rise to an independent cause of action in tort”).
Affirmed.