KEYSER, JANIS BRUSTARES, Associate Judge.
Antonio Beltran, M.D. and Antonio Bel-tran, M.D., P.A., defendants below, appeal a final judgment finding Dr. Beltran and his professional association jointly and severally liable to plaintiff, Vincent P. Mirag-lia, M.D., P.A., for claims arising out of a business dispute. Defendants argue that the trial court erred in entering judgment against Dr. Beltran, individually, and that the statute of limitations bars the claims against his professional association. We find merit in both arguments and, therefore, reverse and remand with directions to the trial court to enter judgment in favor of the defendants.
In March of 2009, Vincent P. Miraglia, P.A. filed suit against Antonio Beltran, M.D., individually, seeking Dr. Beltran’s share of certain office overhead expenses, alleging theories of recovery based upon breach of oral contracts, unjust enrichment, and quantum meruit. In his answer, Dr. Beltran raised as an affirmative defense the plaintiffs failure to join Dr. Beltran’s professional association, Antonio Beltran, M.D., P.A., as an indispensable party.
The non-jury trial of this case commenced in November of 2011. During the presentation of the plaintiffs case in chief, Dr. Miraglia was asked whether his business arrangement had been made with Dr. Beltran individually or with Dr. Beltran’s professional association. After Dr. Mirag-lia testified his business dealings were between “M.D. P.A. on my side and M.D. P.A. on his side” and the alleged oral agreements were made between the professional associations, the plaintiff made an ore tenus motion to amend the complaint to add Dr. Beltran’s professional association as a defendant. The defense objected, noting that, in Dr. Beltran’s answer, he had raised the plaintiffs failure to join Dr. Beltran’s professional association as an affirmative defense. The plaintiffs counsel insisted that, until Dr. Miraglia’s testimony at trial, he believed the agreement was with Dr. Beltran personally. The trial court permitted the amendment, with the caveat that the defendants would be permitted to amend the answer so as to raise a statute of limitations defense on behalf of the professional association.
At the conclusion of the trial, the trial court found in favor of the plaintiff and against the defendants on the theories of quantum meruit and/or unjust enrichment and awarded the plaintiff $53,260 in compensatory damages, which represented sums owed for office overhead expenses *858 that had accumulated between June 2004 and June 2006.
At the close of the plaintiffs case, and again at the close of all the evidence, the defendants moved for an involuntary dismissal as to Dr. Beltran, individually, arguing that the evidence established that any agreement was made between the plaintiff and the professional association, not Dr. Beltran personally. The trial court’s denial of this motion is reviewed de novo by this court. See 3618 Lantana Rd. Partners, LLC v. Palm Beach Pain Mgmt., Inc., 57 So.3d 966, 968 (Fla. 4th DCA 2011).
No evidence was presented at trial indicating that Dr. Beltran personally entered into any agreements with the plaintiff regarding the splitting of office expenses and medical supplies, or the paying of plaintiff to use a portion of the plaintiffs office space. Dr. Miraglia himself testified the agreement was between “M.D. P.A.” and “M.D. P.A.”
A general principle of corporate law is that a corporation is a separate legal entity, distinct from the individual persons comprising them, and, absent some basis to pierce the corporate veil, there is no basis for imposing liability for corporate debts and obligations upon the individuals. See Gasparini v. Pordomingo, 972 So.2d 1053, 1055 (Fla. 3d DCA 2008). Three factors must be proven to “pierce the corporate veil” and hold an individual shareholder liable for the debts of the corporation:
“(1) the shareholder dominated and controlled the corporation to such an extent that the corporation’s independent existence, was in fact non-existent and the shareholders were in fact alter egos of the corporation;
(2) the corporate form must have been used fraudulently or for an improper purpose; and
(3) the fraudulent or improper use of the corporate form caused injury to the claimant.”
Id. (quoting Seminole Boatyard, Inc. v. Christoph, 715 So.2d 987, 990 (Fla. 4th DCA 1998)). Here, there was no evidence of wrongdoing that would support piercing the corporate veil. There was also no evidence that Dr. Beltran agreed to be personally liable for the debt.
In Gasparini, the court reversed the portion of the judgment holding Gasparini personally liable on an unjust enrichment theory since the agreement was made with International Trading, not Gasparini individually. 972 So.2d at 1055. The court noted that the law is clear that mere ownership of a corporation by a few shareholders, or even one shareholder, is an insufficient reason to pierce the corporate veil and, therefore, the mere fact that Gaspari-ni was a stockholder and officer of International Trading did not, without more, create personal liability. Id.; see also King 205, LLC v. Dick Pittman Roof Servs., Inc., 31 So.3d 242 (Fla. 5th DCA 2010) (reversing judgment against individual defendant where contract was with corporate defendant).
Here, while Dr. Miraglia testified he would have looked to Dr. Beltran personally for payment in the event Dr. Beltran’s P.A. failed to pay, there was no evidence of any actual agreement between the parties that Dr. Beltran, individually, would serve as a guarantor. Accordingly, a judgment against Dr. Beltran, individually, is not supported by the evidence.
Dr. Beltran next contends that the judgment against his P.A. must be reversed because the trial court found in favor of Dr. Miraglia only with respect to amounts due and owing from June 2004 through *859 June 2006, and the statute of limitations had run as to such claims prior to the time of the plaintiffs November 2011, mid-trial amendment of his pleadings naming the P.A. as a party defendant. The issue of whether the claim is barred by the statute of limitations is a question of law subject to de novo review. See, e.g., Fox v. Madsen, 12 So.3d 1261, 1262 (Fla. 4th DCA 2009) (legal issues surrounding statutes of limitations reviewed de novo).
The trial court entered judgment in favor of the plaintiff based upon the unjust enrichment and/or quantum meruit claims for goods and services provided between June 2004 and June 2006. The relevant statute of limitations for quantum meruit or unjust enrichment claims is four years. See § 95.11(3)(k), Fla. Stat. (2011) (providing for four-year statute of limitations for “[a] legal or equitable action on a contract, obligation, or liability not founded on a written instrument”). Statutes of limitations on unjust enrichment or quantum meruit claims generally begin to run upon the occurrence of the event that created the uncompensated benefit in the defendant, i.e., the plaintiff performed the labor that benefitted the defendant or the defendant obtained the subject property or goods. See Davis v. Monahan, 832 So.2d 708 (Fla.2002) (holding unjust enrichment claim alleging misappropriation of funds by family members for transactions occurring from 1990 to 1992 barred by statute of limitations as complaint not filed until 1997); Swafford v. Schweitzer, 906 So.2d 1194 (Fla. 4th DCA 2005) (holding statute of limitations limited plaintiffs right to recover for improvements to real property to those improvements made within four years of filing of complaint); Matthews v. Matthews, 222 So.2d 282, 286 (Fla. 2d DCA 1969) (“[I]n quantum meruit [claim for services] and quantum valebant [claim for goods], the cause of action accrued when the services have been performed or the property transferred.”).
In this case, suit against Dr. Beltran’s P.A. was not commenced until the trial court’s November 7, 2011 ruling permitting the plaintiff to add Dr. Beltran’s P.A. as a party. Thus, unless the claim against the P.A. relates back to the filing of the original action in March of 2009, the statute of limitations bars any claims for services or goods received prior to November 7, 2007.
As a general rule, “[w]hen the claim ... asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.” See Fla. R. Civ. P. 1.190(c). This general rule does not apply to permit the addition of a new party unless there is a sufficient “identity of interest” such that there is no prejudice to the new party. See Rayner v. Aircraft Spruce-Advantage, Inc., 38 So.3d 817, 820 (Fla. 5th DCA 2010), rev. denied sub nom. Rayner v. Irwin Int'l, Inc., 64 So.3d 679 (Fla.2011). In Cabot v. Clearwater Construction Co., 89 So.2d 662, 663-64 (Fla.1956), the Florida Supreme Court explained the relation back doctrine as follows:
The general rule appears to be that whether an amendment of process or pleading changing the description of a party from a corporation to an individual or vice versa after the statute of limitations has run introduces a new party or new cause of action depends upon whether the mis-description is interpreted merely as a misnomer or defect in the characterization of the party or whether it is deemed an entire change of parties. If the former, the amendment relates back to the commencement of the action. If the latter, the amendment *860 amounts to the institution of an entirely new action.
See also Graney v. Caduceus Props., LLC, 91 So.3d 220, 224-25 (Fla. 1st DCA 2012). Courts have refused to apply the “identity of interest” exception so as to allow the addition of a party to relate back where the plaintiffs failure to timely join the correct party was due to his own inexcusable neglect. See Garrido v. Markus, Winter & Spitale Law Firm, 358 So.2d 577, 583 (Fla. 3d DCA 1978).
In Garrido, the plaintiff originally filed an action for legal malpractice against the partnership law firm and later attempted to amend the complaint beyond the applicable statute of limitations to add and/or substitute the individual lawyers comprising the partnership as party defendants. Id. at 578. The court affirmed the trial court’s denial of the motion to substitute parties, finding that no “mistake” occurred and stated “[t]o permit a substitution at this point would be tantamount to introducing ‘new parties’ into the lawsuit and, ... such is not the nature of the ‘relation back’ doctrine.” Id. at 583; see also Frankowitz v. Propst, 489 So.2d 51, 52-53 (Fla. 4th DCA 1986) (holding treating physician did not have such identity of interests with the employer medical group and his co-practitioners such that amendment adding him related back to filing of original complaint).
Similarly, here, we find the plaintiff did not seek to add Dr. Beltran’s professional association to correct a misnomer or a defect in the characterization of the defendant, but rather to add an entirely new party. The claim against Dr. Beltran’s professional association was made in November 2011, when the trial court allowed the amendment during trial, and does not relate back to the March 2009 filing of the original complaint. Moreover, not only did the answer put the plaintiff on notice that Dr. Beltran’s professional association was a necessary party, the partial payments referenced in the plaintiffs complaint were drawn on the account of Dr. Beltran’s professional association.
We find the relation back doctrine does not apply to render the claim against the P.A. timely and, therefore, the four-year statute of limitations bars any claim for amounts incurred prior to November 7, 2007. The damages award in favor of the plaintiff represents sums for goods and services during the period from June 2004 through June 2006. Thus, the judgment in fayor of Dr. Beltran’s P.A. must also be reversed.
Having concluded that the judgment cannot stand against either Dr. Beltran, individually, or Dr. Beltran’s P.A., we reverse and remand with directions to the trial court to enter judgment in favor of the defendants. In light of our ruling, we need not address the remaining issues on appeal.

Reversed & Remanded.

POLEN and CONNER, JJ., concur.