DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TANER GOKALP** and **SAMTRAC CORPORATION**, a Florida corporation,
Appellants,

v.

**MEHMET SERHAN UNSAL, CORAL RIDGE NE 35 DRIVE LLC, PARK
RIDGE 3650 LLC, AUSTRALIAN PARK 5401 EAST, LLC** and
**ERTUGRUL MERIC,**
Appellees.

No. 4D18-2535

[December 11, 2019]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE 14-008947 (09).

Lisa Marie Macci of Lisa Marie Macci, PA, Boca Raton, and Elizabeth J. Kates, Pompano Beach, for appellants.

Elliot B. Kula and W. Aaron Daniel of Kula & Associates, P.A., Miami, and Brian Barakat of Barakat Law, P.A., Coral Gables, for appellee, Mehmet Serhan Unsal.

GROSS, J.

This case concerns a conspiracy arising from Mehmet Unsal's retention of an agent, Ertugrul Meric, to bird dog real estate investments in South Florida in the wake of the Great Recession.

The agent enlisted appellant, Tanner Gokalp, to locate investment properties. According to the jury verdict, the agent and Gokalp conspired to manipulate the prices of certain properties so Unsal paid inflated prices for them.

Unsal brought suit against Gokalp and a corporation he controlled. Meric was named a defendant but never served. At trial, Gokalp attempted to shift all of the blame to Meric's empty chair. The jury rejected this defense and found for Unsal on his claims of civil theft, conversion, and breach of fiduciary duty. The jury awarded total damages of $604,000.

The circuit court entered judgment for $1,812,000, three times the jury award as permitted by the civil theft statute.

We affirm on all issues but one. As to the conversion and civil theft claims involving three Fort Lauderdale properties, *Meric's* profit was $167,000. It is undisputed that Gokalp and his corporation received no money from the sale of these properties so there was not sufficient evidence against them to support the conversion and civil theft damages of $167,000.

"Civil theft is a statutory form of conversion. . . ." *Sarkis v. Pafford Oil Co., Inc.*, 697 So. 2d 524, 528 (Fla. 1st DCA 1997); *see* § 772.11(1), Fla. Stat. (2014) (civil remedy for theft). A claim for civil theft consists of conversion plus criminal intent. *Gasparini v. Pordomingo*, 972 So. 2d 1053, 1056 (Fla. 3d DCA 2008).

"The recipient of converted property is liable to the rightful owner in an action for conversion." *Goodwin v. Alexatos*, 584 So. 2d 1007, 1011 (Fla. 5th DCA 1991). However, "a party which does not personally receive property which is the subject of an alleged conversion or civil theft cannot be held liable for such action." *Transcapital Bank v. Shadowbrook at Vero, LLC*, 226 So. 3d 856, 864 (Fla. 4th DCA 2017); *see generally Orozco v. McCormick 105, LLC*, 276 So. 3d 932, 935 (Fla. 3d DCA 2019) ("the plaintiff must show that the defendant exercised a positive, overt act or acts of dominion or authority over the money or property in question . . . .").

*Transcapital Bank* also involved a real estate transaction. There, the plaintiffs paid an $8,500 appraisal fee to Transcapital at closing for an appraisal that was never done. It was undisputed that two of the co-defendants (Himes and Zedeck) did not receive any of the $8,500 appraisal fee. 226 So. 3d at 860-61. This court found that only Transcapital received the $8,500 appraisal fee and that both Himes and Zedick were entitled to a directed verdict on the combined conversion claim. *Id.* at 864. In short, Himes and Zedeck did not touch or control the plaintiffs' property, so they were entitled to a directed verdict on the plaintiffs' conversion claim.

Here, because Gokalp and his corporation did not receive Unsal's funds for the three Fort Lauderdale properties, they did not receive the "property which is the subject of [the] alleged conversion," and "cannot be held liable for such action." *Transcapital Bank*, 226 So. 3d at 864. As Unsal's conversion claim fails, so does Unsal's civil theft claim because a plaintiff must prove conversion to recover for civil theft.

We reverse in part and remand for entry of an amended final judgment totaling $1,311,000 (three times $437,000).

*Affirmed in part, reversed in part, and remanded.*

KLINGENSMITH and KUNTZ, JJ., concur.

* * *

**Not final until disposition of timely filed motion for rehearing.**