87 So.2d 42 (1956)
Frank Elliot SMITH, Appellant,
v.
J.O. WHIDDEN, Appellee.
Supreme Court of Florida. Special Division A.
April 25, 1956.
Mellor & Watson, Fort Myers, for appellant.
Stewart & Stewart, Fort Myers, for appellee.
THORNAL, Justice.
Appellant Smith who was defendant below seeks reversal of a judgment for appellee Whidden who was plaintiff below in an action for damages resulting from the collision of two automobiles.
Appellant urges three points for reversal, to-wit: (a) he contends that when a husband sues for the wrongful death of his wife and includes a claim for loss of services, he should be required to prove that he had actually replaced, or will actually replace, his wife's services by hired help as a condition to recovery, (b) the trial judge refused to charge the jury on the matter of the contributory negligence of the plaintiff, and (c) a $13,000 verdict in favor of an 80-year old husband suing for the death of his 59-year old wife, with a 5-year joint *43 life expectancy, was excessive under the facts of this case.
The tragic collision occurred when appellee Whidden accompanied by his wife was driving his automobile at a moderate rate of speed on the proper side of a public highway. Apparently appellant Smith, who was driving his car in the opposite direction, lost control of his automobile when a third car attempted to pass the Whidden vehicle. The Smith car veered off the pavement and then turned sharply toward the Whidden car, skidded 110 feet and plowed into the Whidden automobile with the resultant damage to the vehicle, some physical injury to Whidden and the death of Mrs. Whidden, apparently from the shock of the collision. Whidden thereupon sued Smith seeking recovery for the damages to his automobile, expenses for doctors and funeral bills as well as for the injury to himself and the usual claims for damages resulting from the death of his wife.
After hearing all of the testimony, including the fact that Whidden was 80 years of age, his wife was 59, and that they had a joint life expectancy of 5 years, the jury rendered a verdict of $13,000 in favor of appellee Whidden. A judgment was entered against appellant and this appeal ensued.
On the first proposition urged by the appellant Smith, the record shows that Mrs. Whidden rendered all of the usual and customary domestic services to be rendered by a wife in the financial circumstances of the parties. She took care of the house, fixed the meals, did the laundry, cared for her husband who was not in good health, and did the other chores that a normal wife in her circumstances would expect to do. Since her death, her husband has lived part of the time with his children by a former marriage, and part of the time with family friends. He paid them nothing for his keep. At the time of the trial, he was living in his own home, but had taken in a couple who were attempting to render the same domestic services as the deceased wife had rendered in exchange for rentfree accommodations. It was shown that if this couple should leave appellee's home, he would again be compelled to impose upon the charity of friends and relatives.
The testimony of an Employment Service official was to the effect that to employ someone to render the domestic services of the deceased Mrs. Whidden would require an expenditure of $30 to $35 per week. The method followed by appellee in this case to establish value of his wife's services is one proper method of proving this ultimate fact. The evidence before us is well within the rule announced by our decision in Lithgow v. Hamilton, Fla. 1954, 69 So.2d 776. In a case such as this where the nature of the wife's services is shown by the evidence and it is established that the husband has lost such services because of the death of his wife resulting from the negligence of the defendant, he is entitled to recover, insofar as reasonably measureable, the value of that which the defendant's negligence has deprived him of enjoying. It is not essential as a condition to recovery that he immediately hire someone to render the service. It is sufficient to prove that he had previously enjoyed the service and had been deprived of it by the negligence of the defendant. On this foundation the husband may then proceed to establish the value of the service as he did in the case before us.
As to the failure of the court to instruct the jury on the matter of contributory negligence, we find from an examination of the record that the trial judge was justified in declining an instruction on this subject. The asserted defense of contributory negligence was based on appellant's contention that the appellee failed to use ordinary care and caution in the operation of his own automobile. The record fails to reveal just what he could have done to have avoided the collision and any effort on our part to speculate on the subject would be entering into the realm of conjecture that would be completely unjustified. As a matter of fact, appellant himself testified with reference to the manner of appellee's operation of his automobile *44 that "it appeared his car was being driven all right". Where the testimony fails to support a requested jury instruction, it is axiomatic that the trial judge is justified in declining to give the instruction.
On the matter of the excessiveness of the verdict, we have examined the record carefully and find no justification for any conclusion that the verdict is so excessive as to shock the judicial conscience. The cause was fairly tried, the jury heard and saw all of the witnesses and any interference with their conclusion in this case would be an unjustifiable intrusion upon the jury function.
Finding no error, the judgment appealed from is 
Affirmed.
DREW, C.J., HOBSON, J., and PATTERSON, Associate Justice, concur.