PER CURIAM.
This is an appeal by the plaintiff, C.I.P. Studios, Limited, from a final judgment in favor of the defendant, Spa Health Club, Inc., allowing the defendant a set-off from the plaintiff’s judgment.
This action stems from a contract whereby the plaintiff was to print 150,000 advertising brochures for the defendant, Spa Health Club, for a specified sum. The defendant furnished the plaintiff printer with the written information and with a photograph of a statue on the defendant’s premises, to be used in the brochure. The defendant made one payment in advance, but when the plaintiff delivered the merchandise, the postdated checks given to the plaintiff by the defendant were dishonored, and the defendant refused to pay the balance due. The plaintiff filed suit for the remaining $8,496 due on the contract. The defendant answered and by affirmative defense stated that it was entitled to a set-off of the purchase price because the merchandise delivered was not useable and not in accordance with the order and because the plaintiff delivered all 150,000 brochures at once, even though it was to deliver only 50,000 at a time.
As requested by the defendant, the brochure contained a photograph of the statue in front of defendant’s place of business (depicting a woman and a man holding a globe of the world above his right shoulder). The defendant was prevented from using the brochures due to a trademark infringement involving the globe of the world held by the statue. The cause was heard non-jury, resulting in a final judgment in favor of the plaintiff for the total unpaid purchase price of the brochures with interest, allowing the defendant a set-off of the cost of removing the globe from the brochures. The defendant contends it was entitled to the set-off because the plaintiff printer had a duty to recognize that there was a trademark infringement making the brochure unuseable unless the globe were removed.
The questions on appeal are whether the trial court erred in awarding the defendant a set-off, whether the printer should have known of the trademark infringement, and whether an oral agreement not to deliver all 150,000 brochures at once, is valid and binding. The record reflects that the defendant’s entitlement to a set-off was neither proved nor supported by competent substantial evidence. The defendant failed to prove by expert testimony or otherwise, that it is the printer’s responsibility to recognize a trademark infringement. As to the question of delivery of the brochures, the very terms of the written contract between the parties contradict defendant’s claim of an oral contract changing the terms for delivery. Accordingly, we uphold the judgment in favor of the plaintiff, and reverse that portion of the judgment allowing the defendant a set-off.
*1011 The remaining points on appeal are without merit and will not be discussed.
Affirmed in part and reversed in part.