505 So.2d 555 (1987)
Alberto Diaz MASVIDAL, Appellant,
v.
Alfonso Andrade OCHOA, Appellee.
No. 86-1244.
District Court of Appeal of Florida, Third District.
April 7, 1987.
Rehearing Denied May 12, 1987.
McDermott, Will & Emery and Lydia A. Fernandez, Miami, for appellant.
Hertzberg & Malinski and Deborah Marks, Miami, for appellee.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
This is an appeal by the defendant from a final judgment entered below on an adverse jury verdict in an action sounding in breach of contract, conversion and civil theft. The defendant Alberto Diaz Masvidal raises three points on appeal. We find no merit in these points and affirm, based on the following briefly stated legal analysis.
First, we see no error in the trial court's denial of defense motions for a directed verdict and new trial because the plaintiff Alfonso Andrade Ochoa's proof at *556 trial did not, as urged, materially vary from the pleadings. The plaintiff sued, inter alia, for breach of a subscription agreement, and the evidence adduced at trial was sufficient to support a jury finding of such a breach. The fact that the plaintiff testified he considered a prior agreement, which agreement did not conflict with the subscription agreement, to constitute the essential relationship between the parties does not, as urged, amount to a repudiation of the subscription agreement which the evidence showed the defendant breached.
Moreover, we are not persuaded by the argument that no civil theft or conversion occurred in this case because there was a contractual relationship between the parties. The evidence shows a classic embezzlement by the defendant of an escrow fund set up under the subscription agreement between the parties. That is, the defendant lawfully obtained possession of the plaintiff's funds to set up the escrow fund and thereafter converted the funds for his own use. This being so, the defendant, by his actions, committed an embezzlement, a civil theft and a conversion as well as a breach of contract. See Senfeld v. Bank of Nova Scotia Trust Co. (Cayman), 450 So.2d 1157, 1161 (Fla. 3d DCA 1984); Aero Int'l Corp. v. Florida Nat'l Bank of Miami, 437 So.2d 156, 159 (Fla. 3d DCA 1983), pet. for review denied, 449 So.2d 264 (Fla. 1984); see also Berney v. State, 38 So.2d 55, 56 (Fla. 1948) (elements of the crime of embezzlement; each of which is supported by the evidence herein). We do not read Rosen v. Marlin, 486 So.2d 623 (Fla. 3d DCA), pet. for review denied, 494 So.2d 1151 (Fla. 1986) to preclude this result because there, unlike this case, the parties had a legitimate contractual dispute over the amount of a debt owed, and no embezzlement whatever occurred in that case.
Second, we see no error in the trial court's grant of a directed verdict against the defendant on his counterclaim for breach of contract. No evidence was presented to support a claim that the plaintiff breached any agreement between the parties. This being so, there was no obligation to charge the jury on this claim. See Smith v. Whidden, 87 So.2d 42, 44 (Fla. 1956); C.A. Davis, Inc. v. City of Miami, 400 So.2d 536, 539 (Fla. 3d DCA), pet. for review dismissed, 411 So.2d 380 (Fla. 1981); City of Miami v. Fletcher, 167 So.2d 638, 639 (Fla. 3d DCA 1964).
Third, we see no error in excluding evidence of a separate oral agreement between the parties that the defendant was to receive a $75,000 salary as bank president. Proof of this oral agreement, we think, was barred by the parol evidence rule as it was inconsistent with a prior written agreement between the parties which required the bank's board of directors to approve any management contract with the defendant. See C.H. Robinson Co. v. L & M Brokerage Co., 344 So.2d 894, 895 (Fla. 1st DCA 1977); C.I.P. Studios, Ltd. v. Spa Health Club, Inc., 337 So.2d 1009, 1010 (Fla. 3d DCA 1976); Seaway Yacht Sales, Inc. v. Brunswick Corp., 242 So.2d 192, 193 (Fla. 3d DCA 1970).
The final judgment under review is, therefore, in all respects,
Affirmed.