GODERICH, Judge.
The defendant, Advantage Car Rental & Sales, Inc. [Advantage], appeals from three non-final orders: 1) an order denying its motion to dissolve 177 prejudgment writs of replevin, 2) an order sustaining the plaintiffs exceptions to the General Master’s Report and authorizing writs of replevin on 166 vehicles subject to the court’s order to show cause, and 3) from an order denying its motion to increase bond. These orders stem from an underlying action for replevin of 342 vehicles that were leased to Advantage by Mitsubishi Motor Sales of America, Inc. We affirm all three orders.
First, we find, as the defendant conceded at oral argument, that the trial court properly exercised its jurisdiction to issue the 342 writs of replevin, regardless of the forum selection clause contained in the lease agreement, because replevin is a possessory action that requires in rem jurisdiction over the subject matter. Prestige Rent-A-Car, Inc. v. Advantage Car Rental and Sales, Inc., 656 So.2d 541, 544 (Fla. 5th DCA 1995).
Next, the propriety of each order will be addressed separately. As to the first order appealed, we find that the trial court properly affirmed the General Master’s recommendation for the issuance of 177 prejudgment writs and properly denied the defendant’s motion to dissolve them where a review of the record shows that the Special Master’s findings were supported by substantial, competent evidence. Specifically, the plaintiff established that it had not received payment from the defendant as required by the lease agreement and that the property in question, due to its movable and transitory nature, was in danger of removal from the jurisdiction. § 78.068, Fla.Stat. (1993).
As to the second order appealed, we find that the trial court properly sustained the plaintiffs exceptions to the General Master’s report and properly authorized the issuance of 165 writs of replevin pursuant to the court’s order to show cause where a review of the record shows that there was substantial, competent evidence that the plaintiff had met its burden of showing that, with reasonable probability, it was entitled to the possession of the claimed property pending final adjudication of the parties’ claims. § 78.067, Fla.Stat. (1993). Specifically, the trial court found that the plaintiff had established that it had not received payment from the defendant as required by the lease agreement, that the property in question, due to its movable and transitory nature, was in danger of removal from the jurisdiction, and that there was a reasonable probability that the plaintiff was entitled to immediate possession of the claimed property pending final adjudication of the parties’ claims.
*48 Lastly, as to the third order appealed, we find that the trial court properly denied the defendant’s motion to increase bond where the additional writs of replevin were issued pursuant to section 78.067, Florida Statutes (1993), and did not require the posting of a bond. Prestige, 656 So.2d at 545.
Affirmed.