CONNER, J.
A claimant harmed by a breach of an escrow agreement can pursue damages against an escrow agent for breach of contract, but damages for civil theft require more than proof of noncompliance with the escrow agreement. In the context of escrow agreements, damages for civil theft require allegations of knowing and intentional wrongful conduct. In this appeal, we address whether the trial court properly dismissed the counts alleging conversion and civil theft with prejudice, pretrial. After examining the four corners of the amended complaint, we affirm, without discussion, the dismissal of the conversion count; we reverse the dismissal of the civil theft count.
Appellant, Werner Heldenmuth (“Hel-denmuth”), filed an amended complaint against Appellees, Paul Groll, Bruce Smo-ler, and Smoler, Lerman & Whitebrook, P.A. (collectively, “the Defendants”), alleging conversion and civil theft of escrow funds he delivered for the purchase of real property by Heldenmuth and Groll as partners. The conversion count alleged that the majority of the escrow funds ($522,305.86) was used to purchase the real property that was the purpose for the escrow. It further alleged a conversion of the escrow funds occurred when title to the real property was put in the name of one partner instead of both partners. The civil theft count alleged that $27,694.14 of the escrow fund was used for purposes that had nothing to do with the escrow agreement. As to both counts, the amend *896 ed complaint alleged that the Defendants knowingly and intentionally disbursed the escrow funds for purposes other than intended by the escrow agreement.
The Defendants moved to dismiss the amended complaint. As to Smoler, individually, and Smoler, Lerman & White-brook, P.A. (“the Firm”), the trial court granted the motion and entered a final judgment dismissing the amended complaint with prejudice.[1]
“A motion to dismiss tests whether the plaintiff has stated a cause of action.... When determining the merits of a motion to dismiss, the trial court’s consideration is limited to the four corners of the complaint, the allegations of which must be accepted as true and considered in the light most favorable to the nonmoving party.” Bell v. Indian River Mem’l Hosp., 778 So.2d 1030, 1032 (Fla. 4th DCA 2001). Because a ruling on such a motion is a pure issue of law, we review it de novo. Id.

Civil Theft

“To establish a claim for civil theft, a party must prove that a conversion has taken place and that the accused party acted with criminal intent.” Gasparini v. Pordomingo, 972 So.2d 1053, 1056 (Fla. 3d DCA 2008); see also Gersh v. Cofman, 769 So.2d 407, 408 (Fla. 4th DCA 2000). If there was no factual basis to support a claim for conversion, there can be no cause of action for civil theft. Gasparini, 972 So.2d at 1056.[2]
As is the case with conversion, the existence of a contractual relationship does not conclusively establish the absence of a civil theft; however, the civil theft “must go beyond, and be independent from, a failure to comply with the terms of a contract.” Id. at 1055. In Masvidal v. Ochoa, 505 So.2d 555 (Fla. 3d DCA 1987), the court confronted a situation in which “[t]he evidence show[ed] a classic embezzlement by the defendant of an escrow fund set up under the subscription agreement between the parties.” Id. at 555. There, the defendant lawfully obtained possession of the plaintiffs funds to set up the escrow fund and thereafter converted the funds for his own use. The court concluded the actions of the defendant constituted a civil theft and a conversion as well as a breach of contract. Id.
Here, paragraph 24, 25, and 26 of the amended complaint alleged:
24. Within the meaning of Section 812.014 [Florida Statutes], Defendants knowing obtained or used or endeavored to obtain or use the sum of $27,694.14, the property of Plaintiff which sum represents the balance remaining from the $550,000.00 delivered by Plaintiff to P.A. [the Firm] solely to purchase the subject property and which sum of money was not used or needed for the purchase of the subject property, with felonious intent to either temporarily or permanently deprive Plaintiff of his right to or benefit to the said $27,694.14, or to ap *897 propriate the said $27,694.14 for their own benefit or persons not entitled to use said funds belonging to Plaintiff. 25. Unbeknownst to Plaintiff, Defendants took the following actions with respect to the said $27,694.14: a) Smoler held the funds until July, 2006 [three months after the closing on property which was the object of the escrow funds]; b) in July, 2006, a portion of the said funds was used by Groll to purchase other real property; and c) Smoler paid P.A. a portion of the funds.
27. None of the Defendants had any lawful right to retain, attempt to retain, endeavor to use or use the said $27,694.14.
We are satisfied that the amended complaint stated a cause of action for civil theft based on the allegation that Groll and Smoler used some of the escrow funds for their own use.

Reversed and Remanded.

DAMOORGIAN, C.J., and WARNER, J., concur.

. There are no issues on appeal regarding the trial court rulings as to Groll.

. Case law does not seem to make a clear delineation between conversion and civil theft. It appears conversion is a common law tort and civil theft is a tort that draws support from statutes. Civil theft frequently allows for treble damages, O’Donnell v. Arcoiries, Inc., 561 So.2d 344, 345 (Fla. 4th DCA 1990), § 772.11, Fla. Stat. (2011), whereas conversion does not. We assume Heldenmuth pursued damages for conversion as to the full amount of the escrow funds because the majority of the funds were used to purchase real property, which was partially the intent of the escrow. As to the $27,694.14 of the escrow funds, Heldenmuth pursued damages for civil theft because those funds were used for a purpose that had nothing to do with the intended purpose of the escrow.