**Xavier PROU, Plaintiff,**

v.

**Justin GIARLA, et al., Defendants.**

**Case No. 13–24266–CIV.**

United States District Court,
S.D. Florida,
Miami Division.

Signed Nov. 25, 2014.

Entered Nov. 26, 2014.

Daniel B. Reinfeld, Daniel B. Reinfeld, PA, Hollywood, FL, for Plaintiff.

Justin Giarla, San Francisco, CA, pro se.

### ORDER

DONALD L. GRAHAM, District Judge.

**THIS CAUSE** comes before the Court upon Defendant, Justin Giarla's, Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction, Improper Venue or Failure to State a Claim [D.E. 40] and incorporated Motion to Transfer [D.E. 42].

**THE COURT** has considered the Motions, the Response and Reply thereto, pertinent portions of the record, and is otherwise fully advised in the premises. For the reasons stated herein, Justin Giarla's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** and his incorporated Motion to Transfer is **DENIED.**

### I. FACTUAL & PROCEDURAL BACKGROUND

Xavier Prou ("Plaintiff") brings suit against Justin Giarla ("Defendant Giarla"),

White Walls Gallery, 941 Geary Gallery, and Shooting Gallery (collectively referred to as "Defendants") alleging, *inter alia,* conversion, civil theft, and racketeering. [D.E. 24]. Plaintiff seeks injunctive relief as well as monetary-damages in the amount of "$819,000.00 plus attorney's fees and costs incurred." *Id.* at 9, ¶ 44. Plaintiff also seeks to replevy certain artworks allegedly in Defendants possession worth approximately $170,000.00. *Id.* at 10–11.

Plaintiff is a contemporary artist specializing in stencil graffiti art and is professionally known as "Blek Le Rat". *Id.* at 4, ¶ 15. Although he is a French citizen, Plaintiff is domiciled in Miami Beach, Florida. *Id.* at 2, ¶ 1. Defendant Giarla "is an individual art dealer and sole proprietor doing business as Whitewalls Gallery, 941 Geary Gallery, and The Shooting Gallery." [D.E. 40 at 8]. Defendant Giarla "sought artists such as Plaintiff to share in the profitable enterprise of contemporary art sales and to reap the rewards of successful sales to contemporary art investors." [D.E. 24 at 5, ¶ 16].

Plaintiff entered into a consignment agreement with Defendant Giarla based upon a sale and showing of Plaintiff's work at Scope 2011 Art Basel in Miami, Florida. *Id.* at ¶ 19. On or about February 14th, 2012, Plaintiff received notice that eleven of his artworks had been sold on payment plans. *Id.* at ¶ 20. For these eleven works, Defendant Giarla was to pay Plaintiff $187,000.00. *Id.* at ¶ 21. Of this $187,000.00, Plaintiff allegedly only received $83,000.00. *Id.* Plaintiff contends that "the reported sales ... were manufactured or fabricated so as to generate the consignment of new and additional pieces from Plaintiff." *Id.* at ¶ 22. As a result, on or about November 20th, 2012, Plaintiff "terminated his consignment agreement with Defendant [Giarla] and requested the return of all artworks and remittance of all

money due." *Id.* at 6, ¶ 23. After a year of his request not being honored, Plaintiff brought suit against Defendants for the aforementioned offenses. [D.E. 1].

In response to Plaintiff's allegations, Defendant Giarla contends that he only agreed to sell Plaintiff's art in his galleries located in San Francisco, California, from November 19th, 2011 until January 7th, 2012. [D.E. 41 at 2, ¶ 11]. Additionally, Defendant Giarla maintains that after the display, he informed Plaintiff via email that he was in possession of Plaintiff's art and desired to return them. *Id.* at 3, ¶ 18. Defendant Giarla now moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b) for Lack of Jurisdiction, Improper Venue, or Failure to State a Claim. [D.E. 40]. Alternatively, Defendant Giarla moves to transfer this action to the Northern District of California pursuant to 28 U.S.C. § 1404(a). [D.E. 42].

## II. LAW & DISCUSSION

### A. Personal Jurisdiction & 12(b)(2)

■ Defendant Giarla first moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), asserting that the Court lacks personal jurisdiction over him. In turn, Plaintiff argues that personal jurisdiction exists over Defendant Giarla and submits a number of exhibits in support of his position. *See* [D.E. 44]. However, both Plaintiff and Defendant Giarla confine their jurisdictional arguments "to the traditional analysis applied to a state's long-arm statute and the Fourteenth Amendment's requirement of 'minimum contacts'" and disregard the influence that Plaintiff's Federal RICO claims have on personal jurisdiction. *Koch v. Royal Wine Merchants, Ltd.,* 847 F.Supp.2d 1370, 1374 (S.D.Fla.2012).

■ In the Amended Complaint, Plaintiff predicates the Court's subject-matter jurisdiction on the federal question presented by his Federal RICO claims (Counts V–VIII) brought under 18 U.S.C. § 1961, et seq., particularly, §§ 1962(a)-(d). The Eleventh Circuit previously acknowledged that "[s]ection 1965(d) of the RICO statute provides for service in any judicial district in which the defendant is found. When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction." *Republic of Panama v. BCCI Holdings (Luxembourg) S.A.,* 119 F.3d 935, 942 (11th Cir.1997). Therefore, "if personal jurisdiction can be established under RICO, the doctrine of pendent personal jurisdiction would come into play, making it unnecessary to consider Florida's long-arm statute." *Koch,* 847 F.Supp.2d at 1374; *see also IUE AFL–CIO Pension Fund v. Herrmann,* 9 F.3d 1049, 1056 (2d Cir.1993), *cert. denied,* 513 U.S. 822, 115 S.Ct. 86, 130 L.Ed.2d 38 (1994) ("[U]nder the doctrine of pendent personal jurisdiction, where a federal statute authorizes nationwide service of process and the federal and state claims 'derive from a common nucleus of operative fact' ... the district court may assert personal jurisdiction over the parties to the related state law claims even if personal jurisdiction is not otherwise available." (internal citation omitted)).

■ In evaluating personal jurisdiction under a federal statute's nationwide service of process provision, the Court "must ... examine a defendant's aggregate contacts with the nation as a whole rather than his contacts with the forum state." *Republic of Panama,* 119 F.3d at 947. The rationale underlying this approach "is that the Fifth Amendment's Due Process Clause [and not the Fourteenth Amendment's] requires consideration of 'fairness'

and 'reasonableness' when resolving a question of personal jurisdiction." *Koch,* 847 F.Supp.2d at 1375. This consideration is applicable "only if a defendant has established that his liberty interests actually have been infringed." *Id.* (citing *Republic of Panama,* 119 F.3d at 946). Hence, Defendant Giarla "bears the. burden of demonstrating that assertion of jurisdiction in this forum will make litigation 'so gravely difficult and inconvenient' that he will be at a 'severe disadvantage' in comparison [to Plaintiff]." *Id.* (quoting *Republic of Panama,* 119 F.3d at 948).

As stated above, Defendant Giarla's arguments against personal jurisdiction are limited to an analysis regarding Florida's long-arm statute and the Fourteenth Amendment's requirement of "minimum contacts." [D.E. 24 at 10–15]. Although Defendant Giarla argues that "[t]he alleged art was shipped from France to [ ] California, the agreement between the parties was consummated in California, the sales were in California mostly to California purchasers and the alleged proceeds from the sales were received in California," he fails to demonstrate how this Court's exercise of personal jurisdiction would be so gravely difficult and inconvenient as to place him at a severe disadvantage compared to Plaintiff. Indeed, the record shows that Defendant Giarla and his galleries previously participated in art shows in Florida, namely Art Basel/SCOPE Art Fair 2011, 2012, and 2013. [D.E. 44–4–44–10]. Therefore, the Court finds that Defendant Giarla does not carry his burden of presenting a "compelling case that would render personal jurisdiction unreasonable." *Koch,* 847 F.Supp.2d at 1375. However, the Court's analysis does not end with this conclusion.

## B. Failure to State a Claim & 12(b)(6)

Having found a statutory basis for personal jurisdiction, the Court must next determine if Plaintiff adequately states a Federal RICO claim. "For the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to Plaintiff, consider allegations of the complaint as true, and accept all reasonable inferences." *Omar ex. rel. Cannon v. Lindsey,* 334 F.3d 1246, 1247 (11th Cir.2003) (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009)(quotations and citations omitted). For a claim to have facial plausibility, a plaintiff must plead "factual content that allows the court to draw the reasonable ·inference that the defendant is liable for the misconduct alleged." *Id.* The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Therefore, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*

As mentioned above, Plaintiff asserts Federal RICO violations by Defendant Giarla and his galleries pursuant to 18 U.S.C. §§ 1962(a)-(d). Defendant Giarla counters Plaintiff's assertion and argues that Plaintiff fails to state a federal RICO claim against him insofar as the Amended Complaint does not allege "predicate acts with sufficien[t] specificity to establish a pattern of racketeering or ... that the [ ] predicate acts caused any injury." [D.E. 48 at 6].

Accordingly, the Federal RICO Act makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to

conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). As such, "a plaintiff must plead and prove '(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity.'" *Koch,* 847 F.Supp.2d at 1375 (quoting *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985)). In addition, a plaintiff must show that his or her injuries were actually and proximately caused by the defendant's injurious conduct. *Id.* (citing *Hemi Group, LLC v. City of New York, N.Y.,* 559 U.S. 1, 130 S.Ct. 983, 175 L.Ed.2d 943 (2010)); *see also Green Leaf Nursery v. E.I. DuPont De Nemours & Co.,* 341 F.3d 1292, 1307 (11th Cir.2003) ("[T]he predicate acts must not only be the 'but-for' cause of the injury, but the proximate cause as well.").

■ Moreover, when "a plaintiff alleges that a defendant engaged in a scheme to defraud manifested by multiple crimes of mail and/or wire fraud, the complaint must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b)." *Koch,* 847 F.Supp.2d at 1376 (citing *Durham v. Bus. Mgmt. Assocs.,* 847 F.2d 1505, 1511–12 (11th Cir.1988)). Therefore, each predicate act enumerated in the Amended Complaint "must specify: ... the date of the communication, the name of the maker (sender or speaker), the name of the recipient, and the content of the communication...." *Id.* at 1377.

Here, Plaintiff's Amended Complaint includes allegations that Defendant Giarla and his galleries committed seven predicate acts of fraud and wire fraud. Specifically, Plaintiff maintains that Defendant Giarla "entered into an agreement and sent emails to Plaintiff[ ] containing false and misleading statements...." [D.E. 24 at 15–16, ¶¶ 69–75]. Although Plaintiff includes information concerning the date,

sender, and recipient of Defendant Giarla's email communications, he does not include any information regarding the content of the alleged agreement and emails sent. Thus, Plaintiff fails to plead the predicate acts underpinning his Federal RICO claims with sufficient particularity. Fed. R.Civ.P. 9(b); *see generally Feinstein v. Resolution Trust Corp.,* 942 F.2d 34, 42 (1st Cir.1991). As a result, Plaintiff's Federal RICO claims (Counts V–VIII) are subject to dismissal and the statutory basis for jurisdiction over Defendant Giarla and Plaintiff's remaining state law claims is no longer viable.

## C. State Law Claims & Jurisdiction

■ Had Plaintiff properly pled his Federal RICO claims, the Court would have been able to exercise personal jurisdiction over his remaining state law claims of conversion, civil theft, and Florida RICO under the doctrine of pendent personal jurisdiction. *Koch,* 847 F.Supp.2d at 1374; *see also IUE AFL–CIO Pension Fund,* 9 F.3d at 1056. "However, 'if the only jurisdictionally sufficient claim is dropped or dismissed, particularly if that occurs early in the litigation, the pendent claim[s] should be dismissed as well.'" *Id.* at 1378 (internal quotation omitted). Therefore, Plaintiff's state law claims are subject to dismissal unless he can "independently establish personal jurisdiction with respect to those claims." *Id.*

■ Accordingly, Plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a non-resident defendant. *Meier v. Sun Int'l Hotels, Ltd.,* 288 F.3d 1264, 1268 (11th Cir. 2002) (citing *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir.1988)). A prima facie case is established if Plaintiff presents enough evidence to withstand a motion for directed verdict. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990). The

Court must accept the facts alleged in the Amended Complaint as true, to the extent the facts are uncontroverted by-Defendant's affidavits. *Id.* When a defendant submits affidavits contrary to the allegations in a complaint, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction unless defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction. *Meier,* 288 F.3d at 1269. Finally, where a plaintiff's complaint and a defendant's affidavits conflict, the Court must construe all reasonable inferences in favor of the plaintiff. *Madara,* 916 F.2d at 1510.

In determining whether the Court has personal jurisdiction over a non-resident defendant, the Court must conduct a two-part analysis. *Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626 (11th Cir. 1996). First, the Court must determine if Florida's long-arm statute provides a basis for personal jurisdiction. *Id.* If so, then the Court must determine whether sufficient minimum contacts exist between a defendant and the forum state so as to satisfy "traditional notions of fair play and substantial justice" under the Due Process Clause of the Fourteenth Amendment. *Id.* (quoting *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). "Only if both prongs of the analysis are satisfied may a federal or state court exercise personal jurisdiction over a non-resident defendant." *Madara,* 916 F.2d at 1514; *see also Robinson v. Giarmarco & Bill, P.C.,* 74 F.3d 253, 256 (11th Cir.1996).

### 1. Florida's Long–Arm Statute

Florida's long-arm statute encompasses two types of personal jurisdiction: specific and general. *Williams Electric Co. v. Honeywell, Inc.,* 854 F.2d 389, 392 (11th Cir.1988). Specific jurisdiction arises out of a party's activities in the forum that are related to the cause of action alleged in the complaint. *Consolidated Dev. Corp. v. Sherritt, Inc.,* 216 F.3d 1286, 1291 (11th Cir.2000). General jurisdiction, on the other hand, arises from a defendant's contacts with the forum that are unrelated to the cause of action being litigated. *Id.* at 1292. The due process requirements for general jurisdiction are more stringent than for specific jurisdiction and require a showing of continuous and systematic general business contact between a defendant and the forum state. *Id.* Plaintiff asserts the existence of both specific and general jurisdiction.

#### a. Specific Jurisdiction

Plaintiff asserts specific jurisdiction under Fla. Stat. §§ 48.193(1)(a)(1)-(2) and (7), which states in pertinent part:

A person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of action arising from any of the following acts:

1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.

2. Committing a tortious act within this state.

 . . .

7. Breaching a contract in, this state by failing to perform acts required by the contract to be performed in this state.

Fla. Stat. §§ 48.193(1)(a)(1)-(2) and (7). Likewise, "[i]n order to establish that a defendant was carrying on a business or business venture in the state ... '[t]he activities of the [defendant] sought to be

served ... must be considered collectively and show a general course of business activity in the State for pecuniary benefit.'" *Sculptchair, Inc.*, 94 F.3d at 627 (quoting *Dinsmore v. Martin Blumenthal Assoc., Inc.*, 314 So.2d 561, 564 (Fla.1975)).

Here, Plaintiff alleges that he "entered into, a consignment agreement with [Defendant Giarla] based upon a successful sale and showing of his work." [D.E. 24 at 5, ¶ 19]. Plaintiff further alleges that this consignment agreement led to the sale of eleven of his paintings in the forum. *Id.* at ¶ 20. In addition, Plaintiff also claims that Defendant Giarla failed to remit the net proceeds of the sale and return the unsold art. [D.E. 24 at 6, ¶ 25]. To support his assertions, Plaintiff produces an unsworn declaration by Darren Johnston ("Johnston") as well as his own unsworn declaration.[1] [D.E. 44–2 at 1, ¶ 3]. Johnston's declaration states that he witnessed Defendant Giarla exhibit Plaintiff's art during Scope 2011 in Miami, Florida. [D.E. 44–2 at 2, ¶ 4–5]. Likewise, Plaintiff's declaration states that Defendant Giarla displayed his work in Scope 2011 and acted as a sales agent. [D.E. 44–1 at 1, ¶ 4]. Plaintiff also includes email correspondence with Defendant Giarla detailing the sale of his art and the payment plans for art sold. [D.E. 44–1 at 3–5].

In opposition, Defendant Giarla asserts that the only agreement he had with Plaintiff was for an art exhibition at Defendant Giarla's gallery in San Francisco, California. [D.E. 41 at 2, ¶ 7]. Defendant Giarla avers that he was in California during the time of the alleged acts in Plaintiff's Amended Complaint and further contends that none of the purchasers of Plaintiff's art were from Florida. [D.E. 41 at 2–3, ¶¶ 13, 16].

Viewing the allegations in light most favorable to Plaintiff and accepting them as true, the Court finds that Defendant Giarla conducted business within the forum for pecuniary gain. In addition, the Court finds that Plaintiff's injuries stem from Defendant Giarla's display and sale of Plaintiff's artwork in the forum. Accordingly, the Court finds that specific jurisdiction exists pursuant to Fla. Stat. § 48.193(1)(g).

**b. General Jurisdiction**

Next, Plaintiff asserts general jurisdiction pursuant to Fla. Stat. § 48.193(2), which states: "a defendant who is engaged in substantial and not isolated activity within this state ... is subject 'to the jurisdiction of the courts of this state, whether or not the claim arises from the activity.'" Fla. Stat. § 48.193(2). Florida courts interpret substantial activity to be a "showing of 'continuous and systematic general business contacts with the forum state.'" *Carib–USA Ship Lines Bahamas Ltd. v. Dorsett*, 935 So.2d 1272, 1275 (Fla. 4th DCA 2006) (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 416, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984)).

To establish general jurisdiction over Defendant Giarla, Plaintiff claims that Defendant Giarla engaged in substantial activity in Florida over a five year period and disseminated misleading advertisements to promote his business in Florida. [D.E. 24 at 14–15, ¶¶ 64, 67]. First, Plaintiff produces images of a website called "ISUU" that advertises the galleries and artists participating at the Scope art exhibition. [D.E. 16–5 at 1]. This website lists Defendant Giarla's gallery under booth B33 and advertises the display of artwork by "Blek Le Rat." *Id.* Secondly, Plaintiff

---

1. The unworn declarations of both Johnston and Plaintiff meet the statutory requirements of 28 U.S.C. § 1746(2) and may be properly considered by the Court.

presents images of Defendant Giarla's White Walls Gallery website, which advertises White Wall's participation at Scope 2011. [D.E. 16–6 at 1–9]. In addition, the White Walls website also mentions Defendant Giarla "leading multiple projects throughout the city of Miami." *Id.* at 7.

Against this evidence, Defendant Giarla produces his own unsworn declaration[2] and alleges that he does not directly market sales of art displayed in his gallery to residents of Florida and does not have any offices or businesses in Florida. [D.E. 41 at 2, ¶¶ 5, 15]. Further, Defendant Giarla maintains that from November 2011 until January 2012 he only exhibited Plaintiff's art in California. *Id.* at ¶ 10–11.

Accepting Plaintiff's allegations as true and drawing all inferences in his favor, the Court finds that Defendant Giarla engaged in substantial and systematic business activities within Florida through sales and marketing efforts over the course of several years. As such, the Court finds that general jurisdiction exists over Defendant Giarla.

### 2. Minimum Contacts

Lastly, the Court must decide whether Defendant Giarla established sufficient "minimum contacts" with the forum. *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). In order to establish "minimum contacts," it must be foreseeable that a defendant's conduct and connection with the forum state are such that he should reasonably anticipate being haled into court there. *World–Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). The standard for "reasonably anticipate" out-of-state litigation, is set forth in the case of *Hanson v. Denckla*, which states, in pertinent part:

The application of [this] rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be some act by which the defendant purposefully avails [himself] of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws. *Hanson v. Denckla*, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Further, "an action of the defendant purposefully directed toward the forum State" establishes "minimum contacts." *Asahi Metal Industry Co., Ltd. v. Superior Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (quoting *Burger King v. Rudzewicz*, 471 U.S. 462, 476, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)). In *Asahi*, the Supreme Court held that such directed actions include "the designing of the product for the market in the forum state, advertising in the forum state, establishing channels for providing regular advice to customers in the forum state, or marketing the product through a distributor agreeing to serve as the sales agent in the forum state." *Id.*

Here, Plaintiff alleges that Defendant Giarla marketed Plaintiff's artwork to Florida residents, engaged in commerce in the forum, and participated in over three Scope events between 2011 and 2013. [D.E. 44 at 4]. Additionally, Plaintiff contends that Defendant Giarla's acts were not random and provides images from websites showing that Defendant Giarla advertised months in advance for his art exhibitions in Miami, Florida. [D.E. 16–5 at 1]. Furthermore, Defendant Giarla's website mentions his involvement in "multiple projects" in Florida during that time. *Id.* at 7. Like *Asahi*, the evidence presented by Plaintiff demonstrates that Defendant Giarla's acts resulted in several in-

---

**2.** The unworn declaration of Defendant Giarla meets the statutory requirements of 28 U.S.C. § 1746(2) and may be properly considered by the Court.

stances of interstate business. Therefore, the Court finds Defendant Giarla's alleged operations establish sufficient "minimum contacts" with the forum to subject him to personal jurisdiction. Accordingly, Defendant Giarla's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) is **DENIED.**

### D. Replevin & Jurisdiction

 In his Amended Complaint, Plaintiff also seeks to "recover possession of personal property located in California." [D.E. 24 at 10, ¶ 46]. The aforementioned personal property includes unsold paintings, photographs, and prints. *Id.* at ¶ 47(a)-(f). Under Florida law, "replevin is a possessory action that requires *in rem* jurisdiction over the subject matter." *Advantage Car Rental & Sales, Inc. v. Mitsubishi Motor Sales of Am.,* 664 So.2d 46, 47 (Fla. 3d DCA 1995). Specifically, "every cause of action the object of which requires the court to act directly on property ... is an *in rem* action." *Publix Super Markets, Inc. v. Cheesbro Roofing, Inc.,* 502 So.2d 484, 486 (Fla. 5th DCA 1987)(superseded by statute on other grounds)(emphasis added). As a result, "an action for replevin cannot be successfully maintained unless the property is within the state and subject to the jurisdiction of its courts." *Prestige Rent–A–Car, Inc. v. Advantage Car Rental & Sales, Inc.,* 656 So.2d 541, 544 (Fla. 5th DCA 1995) (internal citations omitted). "Once a plaintiff crosses the jurisdiction and venue thresholds, the court *then* evaluates whether a plaintiff can establish all elements of replevin." *Center Capital Corp. v. Gulfstream Crane, LLC,* 2009 WL 4909430, at *9 (S.D.Fla. Nov. 25, 2009). Therefore, as a threshold matter, the Court must determine whether *in rem* jurisdiction exists over Plaintiff's replevin action.

According to the Amended Complaint, Plaintiff's "property is located in the galleries and possession of the Defendants." [D.E. 24 at 10–11, ¶ 49]. Interestingly enough, Plaintiff does not allege that his property resides in a Florida gallery or is possessed by Defendant Giarla in Florida. *Id.* at 10, ¶ 46. Instead, Plaintiff alleges the exact opposite and concedes that such property is housed in various galleries located in California. *Id.* at 10, ¶ 46; 3, ¶ 3–5. Accepting the facts in Plaintiff's Amended Complaint as true, the Court finds that Plaintiff has not sufficiently shown or alleged *in rem* jurisdiction. As such, the Court lacks subject-matter jurisdiction to consider Plaintiff's replevin action. As a result, Plaintiff's replevin action (Count III) is subject to dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1).

### E. Venue as to Remaining State Law Claims

 In assessing Plaintiff's remaining state law claims, the Court must decide whether venue is proper in the Southern District of Florida pursuant to Federal Rule of Civil Procedure 12(b)(3). Plaintiff contends that venue in the Southern District of Florida is "proper as Plaintiffs reside and are located in this jurisdiction and the damages that were suffered are located in the location of the Plaintiffs' residence." [D.E. 24 at 4, ¶ 8]. Defendant Giarla disagrees with Plaintiff's position and argues that "[t]he allegations of the [Amended] Complaint ... do not establish that Giarla does business in Florida, that the subject art was in Florida, that any agreement between the parties was negotiated in Florida, that any of the sales were in Florida, [and] that Defendant conducted the alleged or any other transactions in Florida." [D.E. 40 at 16].

Federal law states that a civil action may be brought in:

(1) a judicial district where any defendant resides, if all the defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Likewise, venue is proper pursuant to 28 U.S.C. § 1391(a) and (b) when "a substantial part of the events or omissions giving rise to the claim occurred in this District, the impact of Defendants' misconduct occurred in this District, and the Defendants are subject to personal jurisdiction in this District." *TracFone Wireless, Inc. v. SND Cellular, Inc.*, 715 F.Supp.2d 1246, 1254 (S.D.Fla. 2010).

Furthermore, "[o]n a motion to dismiss based on improper venue, the plaintiff has the burden of showing that venue in the forum is proper." *Wai v. Rainbow Holdings*, 315 F.Supp.2d 1261, 1268 (S.D.Fla.2004). "The court must accept all allegations of the complaint as true, unless contradicted by the defendants' affidavits." *Id.* When a plaintiff's allegations are challenged by a defendant's affidavits, "the court may examine facts outside of the complaint to determine whether venue is proper." *Id.* A court may also consider unsworn testimony used to prove the matter in question. *See* 28 U.S.C. § 1746. Lastly, the "court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff." *Wai*, 315 F.Supp.2d at 1268.

Here, Plaintiff contends that venue is proper in this Court "because a substantial part of the events or omissions giving rise to the claim occurred in this District, specifically the display [and] sale of Plaintiff's artwork, the conversion of Plaintiff's artwork and money, and the impact of [Defendant Giarla's] presence in this District during this case." [D.E. 44 at 7]. To support his position, Plaintiff again relies on Johnston's unsworn declaration stating that Defendant Giarla exhibited Plaintiff's artwork in Miami, Florida, during Scope 2011. [D.E. 44–2 at 2, ¶ 4–5]. Also, Plaintiff includes his own unsworn declaration stating that Defendant Giarla exhibited his work during Scope 2011, that Defendant Giarla acted as a sales agent and failed remit payment from successful sales. [D.E. 44–1 at 1–2, ¶ 4, 6].

Against this point, Defendant Giarla argues that "Whitewalls Gallery, 941 Geary Gallery, and the Shooting Gallery are dba's of [his] sole proprietorship art business and are not corporations as alleged ... in Plaintiff's [Amended] [C]omplaint." *Id.* at ¶ 2. Secondly, Defendant Giarla contends that he does "not have any offices or hold any business licenses in State of Florida." *Id.* at ¶ 5. Thirdly, Defendant Giarla only mentions exhibiting Plaintiff's works in his San Francisco gallery. *Id.* at ¶¶ 7–8. Defendant Giarla further asserts that he "do[es] not directly market the sales of artwork displayed at [his] gallery to the residents of Florida," and that to the best of his knowledge, "not a single purchaser of Plaintiff's art at the show was from Florida." *Id.* at ¶¶ 13, 15. Similarly, Defendant Giarla's unsworn declaration refutes any claim that Defendant Giarla lived or worked in Florida in the past twenty-four years. *Id.* at ¶¶ 3–4.

Here, Plaintiff's Amended Complaint does not allege that Defendant Giarla resides in Florida. *See* [D.E. 24]. However,

Plaintiff's unsworn declaration asserts that Defendant Giarla displayed and sold the artwork in Miami, Florida. [D.E. 44–1 at 1, ¶ 4]. As such, Plaintiff's assertions suggest that his harm arose out of Defendant Giarla's business activities in the forum. In doing so, Plaintiff satisfies the statutory requirement that a civil action may be brought in a venue where "a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2). Thus, viewing all of the facts in light most favorable to Plaintiff, the Court finds that Plaintiff successfully carries his burden of establishing that the Southern District of Florida is the proper venue for his state law claims. As a result, Defendant Giarla's Motion to Dismiss for Improper Venue is **DENIED.**

### F. Failure to State a Claim and 12(b)(6)

In finding jurisdiction and venue, the Court now considers whether Plaintiff sufficiently pled his remaining state law claims of conversion, civil theft, and Florida RICO against Defendant Giarla.

As previously stated, in reviewing a motion to dismiss for failure to state a claim, the Court must "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor." *Randall v. Scott,* 610 F.3d 701, 705 (11th Cir.2010). Further, the Court may grant a motion to dismiss when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

#### 1. Conversion (Count I)

Florida law defines conversion as "an unauthorized act which deprives another of his property permanently or for an indefinite time." *Senfeld v. Bank of Nova Scotia Trust Co. (Cayman) Ltd.,* 450

So.2d 1157, 1160–61 (Fla. 3d DCA 1984). To prove a conversion claim, a plaintiff must show "ownership of the subject property and . . . that the other party wrongfully asserted dominion over that property." *Mattocks v. Black Entm't Television,* 43 F.Supp.3d 1311, 2014 WL 4101594 (S.D.Fla.2014). Likewise, "the plaintiff must show evidence of damage, not just liability." *Regions Bank v. Maroone Chevrolet, LLC,* 118 So.3d 251, 257 (Fla. 3d DCA 2013). Moreover, "where a person having a right to possession of property makes demand for its return and the property is not relinquished, a conversion has occurred." *Id.* at 1161.

Here, Plaintiff asserts that eleven of his art works were sold on payment plans pursuant to a consignment agreement between Plaintiff and Defendant Giarla, for which Plaintiff never received full payment. *Id.* at ¶ 20. Further, Plaintiff alleges that Defendant Giarla took "possession of Plaintiff's money in the amount of $103,000.00" and several works of art. [D.E. 24 at 7, ¶ 29]. Moreover, Plaintiff states that Defendant Giarla "intended and still intend[s] to exercise ownership over the monies and art work." *Id.* at 8, ¶ 32. Lastly, Plaintiff asserts that he "has made multiple demands for the monies and artworks by email, phone, and most recently by presuit demand sent by certified mail." *Id.* at ¶ 35.

Taking the allegations as true and viewing them in light most favorable to Plaintiff, the Court finds that Plaintiff alleges sufficient factual matter to state a claim for conversion. Accordingly, Defendant Giarla's 12(b)(6) Motion to Dismiss is **DENIED** as to Count I of the Amended Complaint.

#### 2. Civil Theft (Count II)

According to Fla. Stat. § 772.11(1),

[a]ny person who proves by clear and convincing evidence, that he or she has been injured in any fashion by reason of any violation of ss. 812.012–812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.

Fla. Stat. § 772.11(1). Further, "to establish a claim for civil theft, a party must prove that a conversion has taken place and that the accused party acted with criminal intent." *Heldenmuth v. Groll,* 128 So.3d 895, 896 (Fla. 4th DCA 2013)(internal citations omitted).

Here, Plaintiff alleges that Defendant Giarla "acted with criminal intent and committed theft under Fla. Stat. § 812.04." [D.E. 24 at 8, ¶ 37]. Plaintiff further alleges that Defendant Giarla "knew the funds [he was] withholding and misappropriating from the Plaintiff were not legally [his] and had no entitlement to the funds." [D.E. 24 at 9, ¶ 38]. Furthermore, Plaintiff contends that Defendant Giarla "intended to temporarily or permanently deprive the Plaintiffs of their right to those funds." *Id.* at ¶ 39. "Likewise, Plaintiff asserts that [Defendant Giarla] acted with criminal intent in appropriating the aforesaid funds for [his] own use." *Id.* at ¶ 40. Taking these assertions as true and viewing them in a light most favorable to Plaintiff, the Court finds that Plaintiff has alleged sufficient factual matter to state a claim for civil theft under Fla. Stat. § 772.11(1). Thus, Defendant Giarla's 12(b)(6) Motion to Dismiss is **DENIED** as to Count II of the Amended Complaint.

### 3. Florida RICO (Count IV)

The Florida RICO Act "makes it 'unlawful for any person . . . . [e]mployed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity . . . .'" *Horace–Manasse v. Wells Fargo,* 521 Fed.Appx. 782, 784 (11th Cir.2013)(citing Fla. Stat. § 772.103(3)). In order to state a claim under the Florida RICO Act, a plaintiff must allege facts showing: (1) conduct or participation in an enterprise through (2) a pattern of criminal activity. *Id.* (citing *Lugo v. State,* 845 So.2d 74, 97 (Fla.2003)). Further, a plaintiff "must prove that he either saw or was aware of, let alone relied upon, any false mail or wire communication." *Palmas Y Bambu, S.A. v. E.I. Dupont De Nemours & Co., Inc.,* 881 So.2d 565, 571 (Fla. 3d DCA 2004) (citing *Beck v. Prupis,* 162 F.3d 1090, 1097 (11th Cir.1998)). Additionally, one must demonstrate proof of continuity under the Florida RICO Act. *Bowden v. State,* 402 So.2d 1173, 1174 (Fla.1981). A private party suing for civil remedies under Florida RICO Act must also prove "proximate cause and detrimental reliance" and that their injuries flow from the predicate acts. *State v. American Tobacco,* 1996 WL 788371 at *2 (Fla.Cir.Ct. 1996). A plaintiff "cannot allege merely that an act of racketeering occurred and that he lost money;" instead, he must show a causal connection between his injury and the alleged predicate act. *Id.*

In his Amended Complaint, Plaintiff alleges that Defendant Giarla engaged in racketeering activity with the intent to "inflict severe and sustained hardship upon the Plaintiffs." [D.E. 24 at 2]. However, Plaintiff does not allege specific predicate acts to support his claim for civil relief. For example, Plaintiff vaguely alleges that the predicate acts "cluster around criminal acts of conversion, theft, fraud, and conspiracy." *Id.* Plaintiff does not, however, provide any detail as to the specific methods Defendant Giarla used to defraud Plaintiff. Moreover, Plaintiff fails to dem-

onstrate continuity in Defendant Giarla's actions. Similarly, Plaintiff's vague allegations fail to demonstrate a causal connection between Defendant Giarla's acts and Plaintiff's injuries. Likewise, Plaintiff does not show that he was aware of or detrimentally relied on the alleged predicate acts. As such, the Court finds that Plaintiff has not alleged sufficient factual matter to state a claim for relief under Florida RICO. Accordingly, Defendant Giarla's 12(b)(6) Motion to Dismiss is **GRANTED** as to Count IV of the Amended Complaint.

### G. Incorporated Motion to Transfer

 Alternatively, Defendant Giarla requests that the Court transfer this case to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a). [D.E. 40 at 16–17]. Under 28 U.S.C. § 1404(a), a "district court may transfer any civil action to any other district or division where it might have been brought or to any district to which all parties have consented." 28 U.S.C. § 1404(a). "[F]ederal courts traditionally have accorded a plaintiff's choice of forum considerable deference." *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Thus, the "burden is on the movant to establish that the suggested forum is more convenient." *Id.* The court has the discretion "to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)). A district court's decision to grant or deny a transfer of venue can be overturned only for an abuse of discretion. *Id.* at 28, 108 S.Ct. 2239.

 To prevail on a motion brought under § 1404(a), a movant must establish:

(1) an adequate alternative forum is available; (2) the private interests of the parties weigh in favor of transfer; and (3) the public interest weighs in favor of transfer. *Trafalgar Capital Specialized Inv. Fund (In Liquidation) v. Hartman*, 878 F.Supp.2d 1274, 1282 (S.D.Fla.2012). An adequate alternative forum exists where "'jurisdiction is proper, venue is proper, and the parties are amenable to service of process in the transferee forum.'" *Id.* at 1285 (citing *Cellularvision Tech. & Telecomm., LP v. Cellco Partnership*, 2006 WL 2871858 (S.D.Fla.2006)). Moreover, the private factors the Court considers include:

> (a) the plaintiff's initial choice of forum; (b) the convenience of the parties; (c) the convenience of witnesses and the availability of process to compel attendance of unwilling witnesses; (d) the relative ease of access to sources of proof and location of relevant documents; and (e) the financial ability to bear the costs of change.

*Id.* Further, the public factors the Court considers include: "(a) the forum's familiarity with the governing law; (b) the forum's interest in adjudicating the dispute; (c) the burden of jury duty on the forum's community; and (d) the relative docket congestion." *Id.; see also Steifel Lab., Inc. v. Galderma Lab., Inc.*, 588 F.Supp.2d 1336, 1338 (S.D.Fla.2008).

With respect to the availability of an adequate alternative forum, Defendant Giarla maintains that "Plaintiff consummated the agreement in California, traveled to California, sent his art from France to California, sold his art in California to California purchasers, and is now suing a California defendant." [D.E. 40 at 27]. As such, the Court finds that Defendant Giarla alleges sufficient facts showing that an adequate alternative forum exists as this matter "might have been brought" in

the Northern District of California. 28 U.S.C. § 1404(a). Nonetheless, the Court finds that the private and public factors of this case do not weigh in favor of transfer.

In evaluating the private factors, the Court first lends great deference to Plaintiff's initial choice of forum—i.e., the Southern District of Florida. *In re Ricoh Corp.*, 870 F.2d at 573. Despite Plaintiff's forum choice, Defendant Giarla argues that "[d]efendants have consistently been located in California and most of the non-party witnesses are also located in the Northern District of California." [D.E. 40 at 25]. Defendant Giarla further contends that a California venue favors convenience, as "Plaintiff consummated the agreement in California, . . ., and is now suing a California defendant." *Id.* at 27. Against this point, Plaintiff argues that transferring the action only favors Defendant Giarla, as Defendant Giarla "has failed to identify any witness other than himself as to such events." [D.E. 44 at 7, 8]. Additionally, Plaintiff asserts that a transfer of the action would "present an enormous prejudice to [him]," as he, the majority of his artwork, and the "persons that have most knowledge concerning the events between the parties" all reside in Miami, Florida. *Id.* at 7.

In considering both arguments, the Court notes that Defendant Giarla traveled multiple times to participate in Scope Art Basel, conducted business, and executed part of the consignment agreement with Plaintiff in the Southern District of Florida. Furthermore, the only known witness in this action, Darren Johnston, resides in Miami, Florida and cannot be compelled to attend trial in the Northern District of California. In addition, modern-day technology easily enables access to documents and proof that may be located in California. Accordingly, the Court finds that De-fendant Giarla has not shown that the private factors weigh in favor of transfer.

Regarding the public factors, the Court notes that neither party submitted a copy of the consignment agreement indicating a forum selection clause or a choice of law provision. Instead, Defendant Giarla generally avers that "Plaintiff consummated the agreement in California." [D.E. 40 at 27]. However, the record shows that Defendant Giarla performed part of the consignment agreement in Miami, Florida. [D.E. 44–1 at 1, ¶ 4]. In the absence of an applicable forum selection clause or choice of law provision, it is well-settled that "questions related to the manner or method of performance under a contract are determined by the law of the place of performance"—in this case, Florida. *Higgins v. West Bend Mut. Ins. Co.*, 85 So.3d 1156, 1158 (Fla. 5th DCA 2012).

Moreover, Plaintiff seeks relief under both federal and Florida law. Therefore, the Southern District of Florida is better suited to adjudicate all of Plaintiff's claims. Further, the Southern District of Florida has an interest in adjudicating this dispute insofar as Plaintiff resides in and alleges that his injuries stem from Defendant Giarla's actions in Miami, Florida. Lastly, Defendant Giarla makes no assertions regarding congestion on the Court's docket. As such, the Court finds that the public factors weigh against transfer of venue to the Northern District of California. Accordingly, Defendant Giarla's Motion to Transfer is **DENIED.**

### III. CONCLUSION

Based upon the foregoing analysis, it is hereby

**ORDERED AND ADJUDGED** that Defendant Giarla's Motion to Dismiss Under Rule 12(b) for Lack of Jurisdiction, Improper Venue, or Failure to State a

Claim [D.E. 40] is **GRANTED IN PART** and **DENIED IN PART.**

Specifically, the Motion is **DENIED** as to Counts I and II of Plaintiff's Amended Complaint and **GRANTED** as to Counts III, IV, V, VI, VII, and VIII of Plaintiff's Amended Complaint. It is further

**ORDERED AND ADJUDGED** that Plaintiff shall file and serve his Second Amended Complaint within fourteen (14) days from the entry of this Order. It is further

**ORDERED AND ADJUDGED** that Defendant Giarla's Motion to Transfer [D.E. 42] is **DENIED.**